**Donald Ray WRIGHT, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55268.

Supreme Court of Missouri,
Division No. 2.

Nov. 9, 1970.

Joe Welborn, Bloomfield, for movant-appellant.

John C. Danforth, Atty. Gen., Thomas D. Vaughn, Asst. Atty. Gen., St. Louis, for respondent.

MORGAN, Judge.

In this post-conviction proceeding under Supreme Court Rule 27.26, V.A.M.R., the trial court, after an evidentiary hearing, denied relief and movant has appealed.

Factually, the record reflects that movant was sentenced to a term of four years in the state penitentiary in the month of June, 1968; that, soon thereafter, he was returned to the county jail that he might testify as a witness in another criminal proceeding; that he attempted to escape on August 16, 1968, by striking the jail-keeper on the head five or six times with a two-foot-long piece of angle iron; that on August 30, 1968, he entered a plea of guilty to the charge of "assault with intent to kill" and was sentenced to a term of twenty-five years (Section 559.180, V.A. M.S.); that he now challenges the validity of the latter sentence in his motion under Rule 27.26.

Initially, we are confronted with the obvious possibility the appeal may be legally insubstantial. While testifying in his own behalf, movant either admitted the falsity of or abandoned most every alleged attack on the validity of his sentence by such answers as, "I don't know why it's in there, because I never said it." After explaining that the motion was prepared by a fellow inmate, he stated, "I didn't even read it." Thereafter, in an answer directed to the trial judge, he announced, "The only reason I had it wrote was to get back down here on this 25, because I thought it was a little steep * * *."

■ As we said in State v. Statler, Mo., 383 S.W.2d 534, 538, "The sole purpose of a motion like the present one is to determine whether defendant's [movant's] original trial was violative of any constitutional requirements or if the judgment was otherwise void."

Such a worthy objective does not allow for the perverting of Rule 27.26 as was admittedly done in this case. Not only does the judicial process assume that any issue or cause is presented in good faith, but under Rule 27.26 movant's required affidavit specifically provides that he " * * * should exercise care to assure that all answers are true and correct." We feel no compulsion to breathe life into the motion originally filed and now discredited by movant himself, and we decline to burden the published reports with a detailed consideration of each al-

legation therein. State v. Jones, Mo., 365 S.W.2d 508, 513 [6].

Nevertheless, in recognition of the commendable effort of appointed counsel to salvage and maintain some semblance of a meritorious appeal, we have carefully examined the transcript of the evidentiary hearing held reference the motion as well as that of the original proceeding when movant entered his plea of guilty to felonious assault. By such review, we find it patently clear that the trial court originally took every precaution to fully advise movant of his rights, the charge against him and the consequences of entering a plea of guilty at the time of sentencing. Again, as evidenced by the record of the evidentiary hearing under Rule 27.26, the trial court took the same precautions prior to finding the original plea was indeed voluntary.

We note not only that movant failed to prove otherwise, but that the state by testimony of all involved, including movant's counsel at the time the original plea was entered, established that the plea of guilty had been made both intelligently and voluntarily. The trial court so found, and its findings and conclusions in connection therewith are not clearly erroneous. Rule 27.26(j).

The judgment is affirmed.

DONNELLY, P. J., FINCH, J., and SPRINKLE, Special Judge, concur.