William Edward HULETT, Sr., Respondent,

v.

STATE of Missouri, Appellant.

No. 55511.

Supreme Court of Missouri,
Division No. 2.

June 28, 1971.

William E. Partee, Hannibal, for respondent.

John C. Danforth, Atty. Gen., Gene E. Voights, First Asst. Atty. Gen., Jefferson City, for appellant.

STOCKARD, Commissioner.

On February 15, 1969, William Edward Hulett, Sr., herein referred to as petitioner, entered a plea of guilty to the charge of issuing a fraudulent check and was sentenced to imprisonment for a term of four years. By his amended motion filed pursuant to Criminal Rule 27.26, V.A.M.R., he alleged that he was entitled to release from confinement because, among other things, he was misled and induced by the prosecuting attorney to plead guilty to a violation of § 561.450 (all statutory references are to RSMo 1969, V.A.M.S.) which makes it a felony to obtain money or property by means of a check drawn, with intent to cheat or defraud, on a bank in which the drawer of the check knows he has no funds. According to petitioner, he at most was guilty of a misdemeanor in that in violation of § 561.460 he issued a check in an

amount less than $100 drawn on an account in which he had insufficient funds. After an evidentiary hearing on the motion, the trial court entered its findings of fact and conclusions of law and found, among other things, that petitioner's "sentence was not imposed in violation of the Constitution and laws of this state or the United States; that the Court imposing the sentence had jurisdiction so to do and that the sentence was not in excess of the maximum sentence authorized by law."

Following the above conclusions of law the trial court entered this order: "However, this court believes that the sentence, under all the circumstances of this case, was more severe than the sentences usually assessed in similar cases and on like charges, and for that reason alone now amends the sentence to two (2) years, which shall revert back to February 15, 1969, the date of the original sentencing." The State of Missouri has appealed. Petitioner did not appeal from the adverse ruling on the merits of his motion.

■ We conclude that the trial court was without authority to "amend" the sentence from four years to two years. We find no statutory provision or rule authorizing the action taken unless Rule 27.26 could be so construed, and our conclusion is that it cannot. Subsection (i) of that Rule provides that the court shall make findings of fact and conclusions of law on all the issues presented by the motion. It then provides that "If the court finds [1] that the judgment was rendered without jurisdiction, or [2] that the sentence imposed was illegal or otherwise subject to collateral attack, or [3] that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall [a] vacate and set aside the judgment and shall discharge the prisoner or [b] resentence him or [c] grant a new trial or [d] correct the sentence as may appear appropriate." The numbers and letters in brackets have been added. The clear and unmistakable meaning is that before the trial court may take any of the action identified above by bracketed letters, it must first find and conclude that one or more of the incidents identified by bracketed numbers occurred, and in this case the trial court specifically found to the contrary.

This precise issue was presented in United States v. Marchese, C.A.Cal., 9 Cir., 341 F.2d 782, certiorari denied 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64, except that it pertained to the authority of the trial court to "correct" a sentence in a proceeding under 28 U.S.C.A. § 2255, providing for postconviction proceedings in federal courts, and after which to some extent Rule 27.26 was patterned. It was there held: "If the court vacates and sets aside the judgment of conviction, then, of course, the prisoner must be discharged, or granted a new trial. If the sentence, as distinguished from the conviction, is illegal, then it may be corrected. But a judge cannot, without vacating the conviction because of a legal defect found therein, change or modify * * * [after the period jurisdiction is retained] a sentence that is itself proper, legal and lawful as a sentence." The court then added that in attempting to "correct" the sentence without finding a legal defect therein, the trial court was exercising the equivalent of executive clemency which it was not authorized or entitled to do. See also the cases cited in the annotation at 168 A.L.R. 706, and the statement of the general rule in accord with the result we have reached in 21 Am.Jur.2d Criminal Law § 571.

■ Although the petitioner has not appealed, he has briefed, and his counsel argued, the contention that he was misled into pleading guilty to a violation of § 561.450, a felony, when in fact he could have been guilty of no more than a violation of § 561.460, a misdemeanor. This contention is based on the proposition that he had an account with the bank, and therefore at most the charge should have been that he issued what is called an "insufficient funds" check.

This issue is not properly before us, but because of the seriousness of the contention, if meritorious, we have considered it and conclude that it is without merit.

■ Petitioner has misconstrued the scope of § 561.450. It is there provided that "Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain, from any other person, or persons, any money * * * by means of a check drawn, with intent to cheat and defraud, on a bank in which the drawer of the check knows he has no funds * * * shall be deemed guilty of a felony * * *." In this case, the evidence at the hearing on the motion showed that at the time the petitioner wrote the check upon which the information was based, he had no funds in the bank. It is true that as the result of the last check drawn by petitioner and honored by the bank, the balance in his account was reduced to 69¢, but at the time the check described in the information was drawn by petitioner that balance had been completely eliminated by permissible charges by the bank against the account. Therefore, the factual situation authorized a charge under § 561.450, and petitioner entered a plea of guilty which removes from consideration the issues of intent and knowledge.

That part of the judgment whereby the trial court purported to reduce the sentence from four years to two years is reversed, and the remainder of the judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.