Herman M. LEWIS, Petitioner-Appellant,

v.

STATE of Missouri, Respondent.

No. 36677.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 25, 1976.

Motion for Rehearing or Transfer
Denied July 9, 1976.

Application to Transfer Denied
Sept. 13, 1976.

Brassil, Rohlfing & McDonald, James L. Rohlfing, St. Louis, for petitioner-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, Mo., for respondent.

DOWD, Judge.

Defendant appeals the trial court's denial of postconviction relief under Rule 27.26. We affirm.

On April 9, 1973, the defendant, appearing in court with his attorney, entered a plea of guilty to the charge of second degree murder. The court accepted his plea and sentenced him to twenty years imprisonment.

During the guilty plea proceeding the prosecutor summarized the state's evidence. About 1:20 a. m. on June 17, 1972, in the City of St. Louis, defendant and the female victim returned to their apartment from a tavern. The apartment was also the residence of the victim's grandmother, who witnessed the killing. The defendant and the victim became involved in a violent argument, during which the victim picked up a butcher knife that defendant then took away from her. The victim then picked up a crowbar and defendant also took this away from her. Defendant then picked up a hammer and struck the victim on the head, fatally injuring her.

During his guilty plea the defendant admitted striking the victim with the hammer. But he said he did this in self-defense after the victim had first hit him with a crowbar and then lunged at him with the butcher knife.

On appeal defendant contends the trial court erred in denying his motion to vacate the sentence. Defendant claims his guilty plea "raised the affirmative defense of self-defense and, therefore, was not responsive as a plea of guilty to Murder Second Degree." Defendant argues the trial court should not have accepted the guilty plea because the defendant's self-defense assertions made his plea equivocal and qualified.

In Missouri if a defendant pleads guilty voluntarily, knowingly and with understanding, his actual guilt, or an express admission of guilt, is not a constitutional prerequisite to the imposition of a criminal penalty. *Bradley v. State,* 494 S.W.2d 45[4] (Mo.1973).

Likewise, a guilty plea knowingly and voluntarily rendered will be accepted if at the time of the plea the defendant stated to the court facts showing a defense of self-defense. *Rayford v. State,* 504 S.W.2d 285, 289 (Mo.App.1973).

The key question is whether the defendant's guilty plea was knowingly and voluntarily made and with understanding of the nature of the charge. To discover the defendant's state of mind when he made his plea, it is necessary to consider the plea against the totality of events and circumstances that preceded its entry. *Rayford v. State,* supra, at 289–90. We will consider the transcripts of the guilty plea proceeding and the 27.26 hearing. *Robinson v. State,* 482 S.W.2d 492[1] (Mo.1972).

A number of facts and circumstances have led us to conclude that the defendant's guilty plea, despite its self-defense assertions, was voluntarily and knowingly made.

The defendant was aware that his defense of self-defense was very weak. Both during the guilty plea proceeding and at the 27.26 hearing, the defense counsel related his unsuccessful efforts to find good

defense witnesses. One witness mentioned by the defendant could not be located. A second witness suggested by defendant was a police officer who said he could not offer any relevant testimony. Counsel interviewed a third witness and determined he could only serve as a character witness; counsel cautioned the defendant that the use of this witness would enable the prosecutor to present evidence of bad character, including his prior troubles with the law. Finally, counsel interviewed the eyewitness, the victim's grandmother, who said she would testify that no self-defense was involved. Counsel advised the defendant that the self-defense element would mean a credibility contest between him and the eyewitness.

Faced with the state's evidence and the lack of his own witnesses, defendant became an active participant in plea bargaining. Just before the trial the prosecuting attorney asked defense counsel if the defendant would plead guilty in return for a recommended sentence of "twenty-five [years] or so." The defendant replied he would so plead in return for a recommended sentence of five years. The prosecutor refused. Later, after defendant was informed that an investigator had failed to find the prospective defense witness, the defendant said he would plead guilty in return for a recommended fifteen year sentence. The prosecutor asked counsel to determine whether defendant would plead for a recommended twenty year sentence. The defendant replied "I guess that is what I got to do" after asking counsel how much of the twenty years would probably have to be actually spent in jail.

With the plea bargaining completed, the guilty plea proceeding began. Toward the end of the proceeding the following exchange occurred:

"THE COURT: Now as far as any plea bargaining is concerned, I haven't promised you a thing; have I?

MR. LEWIS: No.

THE COURT: I have never talked to you about how much time you are going to get?

MR. LEWIS: Right.

THE COURT: But you are willing to plead guilty here on the basis that the State's Attorney has indicated that he would recommend that I accept a period of 20 years; is that right?

MR. LEWIS: True, sir.

THE COURT: Now with that recommendation not made by me but by the State's Attorney, are you asking me to accept your plea?

MR. LEWIS: Yes, sir. But like I say, you know—

THE COURT: Do you understand that as a result of withdrawing your plea you will be sentenced?

MR. LEWIS: Yes, sir.

THE COURT: All right. And you are making this plea and you have made this explanation in open court and it is strictly voluntary?

MR. LEWIS: Yes, sir, with my Lawyer; yes, sir."

Finally, we note that defendant was quite familiar with the nature and consequences of guilty pleas. On at least three previous occasions defendant had pleaded guilty to felonies and had received jail terms.

■ Based on these facts and circumstances, we conclude the guilty plea was knowingly and voluntarily entered. The trial court did not err when it denied defendant's motion to vacate his sentence. The defendant, who had previously entered guilty pleas to felonies on at least three occasions, apparently "lost his nerve" after the jury was selected. Being fully informed by his counsel concerning the elements of self-defense, the strength of the state's evidence, and the weaknesses of his own case, the defendant actively participated in the plea bargaining. During the guilty plea proceeding itself, the defendant was informed of the state's evidence, the various rights he was waiving, and the fact that he would be sentenced to prison after his plea. Although defendant asserted his actions were prompted by self-defense, he nevertheless decided to plead guilty, as the court noted, "on the basis that the State's

Attorney has indicated that he would recommend that I accept a period of 20 years." We find no error.

The judgment is affirmed.

CLEMENS, P. J., and STEWART, J., concur.