Steven LOVE, Appellant,

v.

STATE of Missouri, Respondent.

No. 50278.

Missouri Court of Appeals,
Eastern District,
Division Six.

Jan. 21, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 1, 1986.

Application to Transfer Denied
Sept. 16, 1986.

James Stewart McKay, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

By movant-defendant's Rule 27.26 motion he sought to set aside his conviction on five guilty pleas to robbery. It was summarily denied. By his motion defendant contended the state's Department of Corrections had erred by "discontinuing its merit time and commutation program in favor of an administrative parole program."

The state responds that this change was a decision by its executive branch and was not within the scope of a Rule 27.26 motion. We agree.

In summarily denying defendant's motion the court ruled the motion was not cognizable under Rule 27.26 because "all allegations relate to the administrative procedures employed by the Missouri Department of Corrections."

We note that Rule 27.26 by its preamble and section (a), relief is limited to a finding the original sentence was illegally imposed. Here movant challenges not that but only a change in administrative procedure made after his guilty plea conviction.

Defendant, without quotation, here cites only *Parrish v. Wyrick*, 589 S.W.2d 74 (Mo.App.1979). We find that case not pertinent here. Instead, in *Brauch v. State*, 653 S.W.2d 380[1] (Mo. banc) the court ruled "proceedings under Rule 27.26 must be directed to defects which led to the original sentencing." See also *Wright v. State*, 459 S.W.2d 370[1] (Mo.Sup.1970).

We affirm the motion court's judgment summarily denying defendant's Rule 27.26 motion.

KELLY, P.J., and KAROHL, J., concurs.