**Patrick SMITH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 52705.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer Denied Nov. 24, 1987.

Application to Transfer Denied Jan. 20, 1988.

Elizabeth R. Brown, St. Louis, for movant-appellant.

Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his rule 27.26 motion following an evidentiary hearing. We affirm.

On January 18, 1979, movant pled guilty to two counts of selling a controlled substance. The court sentenced him to six months in a medium security institution on one count and five years on the other count. Movant served the six-month sentence; the court suspended execution of the five-year sentence and placed movant on probation.

On November 5, 1982, movant's probation was revoked and he was remanded to the custody of the Missouri Department of Corrections to serve the five-year sentence. Movant was released on parole on May 24, 1985, after having served approximately two years and six months of the five-year sentence. On April 10, 1986, movant's parole was revoked and he was again incarcerated.

Movant filed a pro se Rule 27.26 motion on July 16, 1986; the motion was amended following appointment of counsel. In his motion, movant alleged that the Missouri Board of Probation and Parole, in relying on § 195.221, RSMo 1978,[1] wrongfully denied him credit against his sentence for the period that he was on parole, May 24, 1985, to April 10, 1986.

The motion court held an evidentiary hearing.[2] In its order denying the motion, the court issued findings of fact and the following conclusions of law:

1. Movant adduced no evidence nor did he challenge in the hearing the original conviction and sentence for which a 27.26 motion would be the proper vehicle. *See Wiglesworth v. Wyrick,* 531 S.W.2d 713, 717 (Mo.1976).

2. The proper vehicle for movant's prayer for relief is by habeas corpus. "Matters relating to the legality of orders pertaining to probation and parole do not come within the purview and scope of a proceeding under Rule 27.26 ...." *Hess v. State,* 531 S.W.2d 774, 776 (Mo.App.1975).

3. State Agency's refusal to credit the movant for time served on parole pertains to orders affecting movant's incarceration; but movant does not test the legality of the original conviction and sentence. Habeas corpus is the proper remedy to test the legality of movant's present incarceration. *Reiter v. Camp,* 518 S.W.2d 82 (Mo.App.1974).

On appeal, movant alleges his imprisonment is unconstitutional. He contends that

---

1. Section 195.221, RSMo 1978 (repealed 1984) provided:

> Notwithstanding section 549.275, RSMo, if the board of probation and parole releases any person from a state penal institution who was convicted of selling, giving, or delivering a controlled substance as defined in this chapter, the period of parole shall be for not less than the completion of the original sentence plus five years. If, however, he is found to have violated the conditions of his parole, he shall be recommitted to confinement by the division of corrections for the remainder of the term set by the original sentence from which he was paroled.

2. Because of our conclusion that movant's motion does not allege facts which, if true, would warrant relief in a Rule 27.26 action, we do not believe an evidentiary hearing was necessary. *See Chapman v. State,* 720 S.W.2d 17, 18 (Mo. App.1986).

§ 195.221, RSMo 1978, used by the Board of Probation and Parole to deny him credit for the time he was on parole, was not in effect at the time of his guilty plea and, therefore, its application to him violates the prohibition in the United States Constitution against ex post facto laws. Moreover, he contends that "Rule 27.26 provides that a sentence may be corrected where such sentence was imposed in violation of the Constitution and laws of this state or the United States."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

Rule 27.26 provides in pertinent part:

A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. The following procedure shall be applicable to motions filed pursuant to this Rule:

(a) Nature of Remedy. This Rule is intended to provide the exclusive procedure which shall be followed when a prisoner in custody seeks *relief on the basis of any of the attacks on a sentence enumerated above....* This Rule does not suspend the rights available by habeas corpus but rather prescribes the procedures to be followed in seeking the enforcement of those rights. It includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus (emphasis added).

Although movant correctly states that a sentence imposed in violation of the Constitution and laws of Missouri or the United States may be corrected in a Rule 27.26 action, wrongful imposition of a sentence is not the gist of movant's claim. Movant's complaint concerns his continued incarceration and the alleged refusal of the Board of Probation and Parole to grant him credit for the time he was on parole. Habeas corpus is the proper remedy for a prisoner to test the legality of his continued incarceration. *Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973); *Reiter v. Camp*, 518 S.W.2d 82, 84 (Mo.App.1974).

We have considered whether we should view movant's motion as an application for a writ of habeas corpus and have concluded that we should not. *See Green*, 494 S.W.2d at 357–58; *State v. Madison*, 519 S.W.2d 369, 370 (Mo.App.1975).

The findings, conclusions, and judgment of the motion court were not clearly erroneous.

Judgment affirmed.

DOWD, P.J., and GARY M. GAERTNER, J., concur.