**Milburn STOUT, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53100.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 26, 1988.

Application to Transfer Denied
March 15, 1988.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was sentenced to prison for two years after pleading guilty to the charge of Failure to Return to Confinement. The court, in sentencing movant, specifically granted him credit for jail time served as required by § 558.031, RSMo 1986. There was an error in the records transferred to the Department of Corrections and movant did not receive proper credit. On August 19, 1986, the St. Louis sheriff's department sent an "ammended [sic] jail time letter to the Missouri Department of Corrections crediting [movant] with [the correct] jail time." Movant states in his brief that "[t]he Missouri Department of Corrections did not correct the error."

There is no question movant was given credit for 290 days jail time in the circuit court order. Likewise, there is no question the Department of Corrections should, if it has not done so, give movant such 290 days jail time credit. However, as a matter of law, movant's claim was not a proper subject of a Rule 27.26 motion.

Rule 27.26 provides relief if:
[a] sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court im-

posing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack … Rule 27.26.

The relief provided by Rule 27.26 is "to vacate, set aside, or correct" the sentence. The trial court has already ordered movant to be given credit for the time served. The sentence does not violate the Constitution or laws, it does not exceed the maximum authorized by law, and the court had jurisdiction to impose the sentence.

Movant does not challenge the sentence imposed by the court. If he did, a Rule 27.26 motion could provide a remedy. *Hart v. State*, 588 S.W.2d 226, 227[2] (Mo.App.1979). He wants the Department of Corrections to impose the sentence that was ordered by the court. There are remedies to force public officials to implement properly imposed sentences; post-conviction relief is not such a remedy. Accordingly we need not address movant's other points relied on.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.