**Walter J. KAMMER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 53112, 53135.**

Missouri Court of Appeals, Eastern District, Division Three.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 15, 1988.

Application to Transfer Denied May 17, 1988.

---

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Walter Kammer appeals the denial of his Rule 27.26 motion for post-conviction relief after an evidentiary hearing. We affirm.

Appellant was indicted in January 1980 on five counts of sodomy and two counts of sexual abuse. Represented by court appointed counsel, he subsequently entered pleas of guilty to all counts. In October 1980, the trial court sentenced appellant to fifteen years imprisonment for each of the five counts of sodomy, and five years imprisonment for each of the two counts of sexual abuse, all terms to be served concurrently. Appellant came before the parole board in October 1986. The parole board decided that he should not be released from prison until October 1991.

In December 1986, appellant filed a pro se motion to vacate, set aside or correct his sentence pursuant to Supreme Court Rule 27.26. He alleged that his guilty plea was invalid because he was not "aware of actual sentencing possibilities." The attorney later appointed to represent appellant on his postconviction motion filed no amendment to the motion. The motion court granted appellant an evidentiary hearing on his pro se motion. After testimony from appellant and his trial counsel, the motion court issued its findings of fact and conclusions of law and denied appellant's requested relief.

The motion court's findings of fact included:

4) That movant's factual basis for the present proceeding is that he 'wants a little time cut' ... by the Board of Probation and Parole from his present release date.

5) That movant's only substantial complaint is that he has done everything asked of him by the Department of

Corrections and he wants parole consistent with what he perceives to be a fair number of years toward his sentence, as opposed to what the Board of Probation and Parole has determined his release date may be.

6) The record of movant's plea shows that movant's plea was given voluntarily, intelligently and with a full understanding of the charge and range of punishment. The plea transcript further shows that Counsel had given accurate and full advice and that a factual and legal basis existed for Mr. Kammer's plea.

7) Mr. Kammer's attorney discussed with him Missouri's nine-twelfths statute but made no promise as to what amount of time Kammer would serve.

Based on the foregoing, the motion court concluded that movant's allegations were not properly cognizeable under Rule 27.26 because the gravamen of his motion addressed no error arising under his plea of guilty, but, rather, addressed the failure of the Board of Probation and Parole to grant him parole. On appeal, our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915[1] (Mo.App.1986). The court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915[1].

■ Appellant asserts that his guilty plea was involuntary because his counsel and the prosecuting attorney misled him into believing that he would serve only eight years. Appellant attacks his guilty plea as both involuntary and not intelligent. A guilty plea must be voluntary and intelligent to be valid *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711[1], 23 L.Ed.2d 274, 279 (1969); *Marlatt v. State*, 672 S.W.2d 165, 167[1] (Mo.App.1984). While defendant's belief of an anticipated sentence is necessarily subjective, the test to be applied in determining the voluntariness of a guilty plea alleged to be the result of mistake or misapprehension is whether there is a reasonable basis in the guilty plea record for defendant to have such a belief. *Beattie v. State*, 603 S.W.2d 42, 45[4] (Mo.App.1980).

■ The following colloquy occurred among appellant, his trial counsel and the court at the hearing on appellant's plea:

COURT: Mr. Horwitz, what did you tell him was the range of punishment on these seven counts?

COUNSEL: I told him that the range of count one—well, on the sodomy counts was up to fifteen years but the minimum was five. I told him that on the class D, of the two counts of the class D that he could get a day or a year or up to five years.

COURT: And you understand that, Mr. Kammer, you understand that the range of punishment if they were all strung out consecutively would amount to 80 years?

COUNSEL: 85 years.

COURT: 85 years. You understand that if the sodomy counts was fifteen years, the counts of sodomy and the devial [sic] sexual intercourse and the others they will total 85 years; you understand that? You have to answer yes or no.

APPELLANT: Yes.

The court then told appellant that he would impose a sentence of no more than fifteen years. Appellant was asked twice whether he understood this and both times be answered in the affirmative. The court asked appellant whether he was under the influence of drugs or alcohol at the moment and appellant stated that he was not.

Any mistaken belief that appellant may have had concerning the range of punishment, however reasonable, was disabused by the trial court's detailed discussion of the sentence to be imposed. *See McMahon v. State*, 569 S.W.2d 753, 758[6] (Mo. banc 1978). At the time of his plea, appellant was made aware of and acknowledged his understanding of the full range of punishment.

Nothing in the evidentiary hearing on the 27.26 motion lessens our belief that appellant's guilty plea was voluntarily made. At the evidentiary hearing, appellant's trial counsel was asked whether he made any promises to appellant regarding how much time appellant would actually serve. Counsel responded as follows:

Again, I don't think the word 'promise' would be appropriate. Walter did ... make the statement that fifteen years is a long time. I then told him that well, fifteen years is not fifteen years ... I told him at that point I believe it was 9/12ths. That's the way they counted time in prison. It would not be a full fifteen years ... I did not promise him any specific time because I could not promise him any specific time.

When asked whether he expressed an opinion to appellant concerning the length of his prison term, counsel answered:

I probably did. Again, I don't remember the exact thing, but I would not be surprised if Walter didn't say, well, what do you think, how much time do you think I would do on this and I said, well, if we count it up with 9/12ths, then you can expect to do this and parole considerations, taking those into account, you may not even do that, but I don't think that I *promised* that to him. (emphasis added)

Appellant offered a different version of his conversations with counsel at his plea hearing: "I told him [trial counsel] I couldn't plead guilty to fifteen years. I said, 'I can't do that much time. It's too much time.' He said, 'well, you will never do fifteen years' ... He said, 'you will do eight years. If you behave yourself, less than that ...'" Without specifically identifying "they" or his defense counsel, appellant stated, "they told me from the beginning if I did what I was told, stayed out of trouble and took all the programs that I would be shown consideration for it." He added that he had done exactly that. However, when he was reviewed for parole in October 1986, he complained that "they [the parole board] flattened me out ... told me I am going to do all my time, twelve years on fifteen."

Keeping in mind that the credibility of witnesses is for the motion court's determination, *Richardson,* 719 S.W.2d at 915[1] the motion court was free to weigh the testimony of both appellant and his trial counsel. After reviewing the records of both the guilty plea hearing and of the Rule 27.26 hearing, we find no error in the motion court's rejection of appellant's testimony that he was promised parole within eight years.

We are equally satisfied that appellant's guilty plea was intelligently made, despite his claim to the contrary. Appellant states that his guilty plea was not "intelligent" in that the trial court did not engage in a factual discussion of all the charges against him. To further support his claim appellant highlights those portions of the plea proceedings where he insisted he was innocent of some of the charges, specifically to his counsel before the plea hearing and to the trial court at the conclusion of the sentencing hearing.

A voluntary plea of guilty requires not only an understanding of the range of punishment, but also of the nature of the charge. *Lewis v. State,* 539 S.W.2d 578, 579[3] (Mo.App.1976). The test of whether a plea is voluntary and intelligently made is not whether a particular ritual is followed or whether each and every detail is explained to a defendant, but whether the plea is in fact intelligently and voluntarily made. *McMahon,* 569 S.W.2d at 758[1].

Trial counsel admitted at the evidentiary hearing that, after reviewing the plea transcript, the factual basis for some of the charges may not have been explicitly recited to the defendant by the trial court. While the motion court made no specific findings of fact concerning the trial court's discussion of the nature of the charge with appellant, we have carefully reviewed the transcript of the hearing at appellant's plea and sentencing. The trial court prefaced his examination of appellant with a recitation of each count with which he was charged. Subsequent questions by the court sufficiently covered the facts underlying each count, although his questions

digressed from the order of the counts as charged. Appellant's responses indicated his understanding of all the crimes to which he pleaded guilty. That appellant is actually guilty or expressly admits his guilt to all the charges is not a prerequisite to the imposition of a criminal penalty as long as he pleads guilty voluntarily, knowingly and with understanding. *See Lewis*, 539 S.W.2d at 579[1]. As part of a favorable plea bargain, a defendant may elect to plead guilty to all charges brought against him although he may be guilty of only some.

■ Finally, appellant's argument that his guilty plea was involuntary because he was not made aware of the parole board's policy toward sexual offenders has no merit. Neither trial court, prosecuting attorney nor appointed counsel is in a position to convey parole board policies to a defendant. These policies may change before the defendant appears before the board.

■ At the evidentiary hearing, appellant stated, "All I want is a little time cut so I can get out. I have got a bad heart now and I just want to get out. I have done everything that I have been told to do and I think I should be let out." Appellant also admitted that, had the parole board not "flattened" him out and had told him he was going to get out in about a year, he would not have filed his 27.26 motion.

■ Appellant has raised the claim of an involuntary guilty plea solely because of his dissatisfaction with the parole board decision. Allegations about actions of the Board of Probation and Parole regarding the legality of a prisoner's present incarceration are not appropriate matters for a 27.26 motion. *Nebbitt v. State*, 738 S.W.2d 162, 164[3] (Mo.App.1987). Relief under Rule 27.26 is limited to a finding that the original sentence was illegally imposed. *Rule 27.26(a); Love v. State*, 715 S.W.2d 260, 261[2] (Mo.App.1986). Habeas corpus is the proper remedy for a prisoner to test the legality of his continued incarceration, not a 27.26 motion. *Smith v. State*, 741 S.W.2d 727, 729 (Mo.App.E.D.1987).

We conclude that the motion court's findings of fact and conclusions of law are not clearly erroneous, and affirm its judgment.

KAROHL, P.J., and SMITH, J., concur.