Timothy P. RUTLEDGE,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53526.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 3, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1988.

Application to Transfer Denied
July 26, 1988.

David C. Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PER CURIAM.

Movant-appellant, Timothy P. Rutledge, appeals from an order of the Circuit Court of the City of St. Louis denying his motion to vacate sentence pursuant to Rule 27.26. We affirm.

On May 13, 1974, appellant was sentenced to twenty years for the offense of robbery in the first degree by means of a dangerous and deadly weapon. The judgment of conviction was affirmed. *State v. Rutledge*, 524 S.W.2d 449 (Mo.App.1975). On October 2, 1978, appellant was paroled. In August, 1981, he was convicted for burglary and escape from confinement. He received a seven year sentence for each of those offenses, the sentence for escape to run consecutively. He was returned to confinement as a parole violator.

On December 4, 1985, appellant filed an amended motion to vacate alleging that under the law at the time of his twenty year sentence, § 216.355, R.S.Mo., 1969 (the three-fourths rule) and the rules and regulations of the Department of Corrections regarding eligibility for parole for persons convicted prior to the effective date of the criminal code, January 1, 1979, he was entitled to a hearing or entitled to parole after having served 6/12ths or 7/12ths of his twenty year sentence—January, 1986. Since the board indicated that he would not be eligible for parole on the twenty year sentence until May, 1989, at which time he would begin serving his seven year sentence for escape, he contended that he was deprived of a liberty interest in being released only after serving 6/12ths or 7/12ths of his twenty year sentence, in violation of due process. He relied upon *Greenholtz v. Inmates of Nebraska Penal & Cor.*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed. 2d 668 (1979). He contended in his motion that as a result of changes made by the Department of Corrections, and the then Governor's decision to no longer commute each and every inmate convicted under the old criminal code, he has been deprived of a liberty interest in the reasonable expectation of being considered for or released on parole after serving 6/12ths or 7/12ths of his sentence.

On June 10, 1987, after an evidentiary hearing, the court denied the motion to vacate, finding that he was not deprived of any liberty interest in being released after serving 7/12ths of his sentence and that his rights to due process and his protection against *ex post facto* laws have not been violated.

On appeal, appellant's sole contention is that the trial court erred in holding that he was not deprived of a liberty interest. He principally relies upon *Greenholtz, supra,* and argues that (1) although the Constitution does not guarantee a convicted person the right to be conditionally released before the expiration of his sentence, a statute or the administrative rules create a liberty interest in administrative parole, and (2) § 549.261, R.S.Mo., 1969, and the adminis-

trative rules created a justifiable expectation that he would be released if the statutory and administrative criteria were satisfied.

We have reviewed the administrative rules and regulations, and the statutes relating to administrative parole after having served 7/12ths of the twenty year sentence, and conclude that the contentions and allegations presented in appellant's motion are not cognizable in this 27.26 proceeding.

Rule 27.26 in effect prior to January 1, 1988, provides in pertinent part:

A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. The following procedure shall be applicable to motions filed pursuant to this Rule:

(a) Nature of Remedy. This Rule is intended to provide the exclusive procedure which shall be followed when a prisoner in custody *seeks relief on the basis of any of the attacks on a sentence enumerated above....* This Rule does not suspend the rights available by habeas corpus but rather prescribes the procedures to be followed in seeking the enforcement of those rights. It includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus.... (Emphasis added).

■ The function of Rule 27.26 is limited. Its sole purpose is to determine whether defendant's original trial was violative of any constitutional requirements or if the judgment was otherwise void. It is a procedure designed to achieve a unitary and expeditious post-conviction review of alleged constitutional defects in the trial or sentence of a criminal defendant where the challenge to such defects has not been knowingly and voluntarily waived. *Fields v. State,* 572 S.W.2d 477, 480 (Mo. banc 1978). Rule 27.26(i) provides that if the court finds: (1) that the judgment was rendered without jurisdiction, or (2) that the sentence imposed was illegal or otherwise subject to collateral attack, or (3) that there was such denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate the judgment or resentence him or grant a new trial or correct the sentence. *Hulett v. State,* 468 S.W.2d 636, 637 (Mo.1971). Under the Rule relief is limited to a finding that the original sentence was illegally or unlawfully imposed. *Love v. State,* 715 S.W.2d 260, 261 (Mo.App.1986); *Brauch v. State,* 653 S.W.2d 380, 381 (Mo. banc 1983)—Rule is limited in scope to provide procedure to attack conviction and sentence; *Wright v. State,* 459 S.W.2d 370, 371 (Mo.1970); *State v. Statler,* 383 S.W.2d 534, 538 (Mo. 1964)—sole purpose is to determine whether original trial or judgment was void; *Smith v. State,* 741 S.W.2d 727, 729 (Mo. App.1987); *State v. Todd,* 433 S.W.2d 550, 555 (Mo.1968); *Stout v. State,* 745 S.W.2d 237 (Mo.App.1987)—27.26 not appropriate to order Department of Corrections to correct sentence.

■ Appellant does not contend or allege on this appeal that his trial was violative of constitutional requirements or that his twenty year sentence was illegally or unlawfully imposed, the *sine qua non* of a 27.26 motion. Rather, appellant urges that he is being denied his allegedly state created liberty interest to consideration for parole, or for actual parole, upon serving 7/12ths of the twenty year sentence. Appellant's motion and his contentions on appeal all relate to his incarceration, and the administrative rules and regulations of the executive branch denying or refusing to grant him parole or consideration therefor. Since appellant is not attacking the original sentence, or contending that his sentence was illegally imposed, a 27.26 motion is an inappropriate remedy. *See Love v. State, supra,* 715 S.W.2d at 261; *Smith v. State,*

*supra,* 741 S.W.2d at 729. There are appropriate remedies to test the legality of continued incarceration under the original twenty year sentence. *Reiter v. Camp,* 518 S.W.2d 82, 84 (Mo.App.1974); *Smith v. State, supra,* 741 S.W.2d at 729; *Green v. State,* 494 S.W.2d 356, 357 (Mo. banc 1973) —legality of revocation of parole not matters within scope of 27.26.

 We have considered whether we should view movant's motion as an application for a writ of habeas corpus, but inasmuch as necessary parties are not present in this proceeding, we have concluded that we should not. *Smith v. State, supra,* 741 S.W.2d at 729.

On the basis that the allegations in movant's motion to vacate, and the findings, conclusions and judgment of the trial court relating to a liberty interest in administrative parole are not cognizable in a 27.-26 motion and are not clearly erroneous, Rule 27.26(j), the judgment is affirmed.[1]

All the Judges concur.

---

1. The trial court's order is to be affirmed if the result reached is correct on any tenable basis, and if the order may be sustained on any other ground, the order must be affirmed. *See Davis v. State,* 600 S.W.2d 182, 184 (Mo.App.1980).