John Hilary DURHAM, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 53758.

Missouri Court of Appeals, Eastern District, Division Five.

June 7, 1988.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, Senior Judge.

Movant-appellant, John Hilary Durham, appeals from an order of the circuit court entered August 21, 1987 denying his motion to vacate sentence pursuant to Rule 27.26. We affirm.[1]

On October 24, 1985, movant filed this motion to vacate sentence alleging that on December 15, 1982, the Director of the Division of Adult Institutions announced that the "Governor has decided that inmates will no longer be eligible for release by commutation of sentence. In lieu of commutations the Board of Probation and Parole will grant administrative paroles to inmates reaching their $\frac{7}{12}$ date ... [I]nmates will no longer be eligible for release at their $\frac{6}{12}$ date irregardless [sic] of their type of crime." The motion alleged that the new policy was effective as to inmates convicted prior to January 1, 1979, the effective date of the "new" criminal code and violated the *ex post facto* clause of the Missouri Constitution, Art. I, § 10, which prohibits such practice of denying commutation after serving $\frac{7}{12}$ths of their sentence.

On March 13, 1987, a hearing was held on the motion. On August 21, 1987, the court entered its findings of fact and conclusions of law. The court found that prior to 1979, Missouri had two basic merit-time provisions. Section 216.355, R.S.Mo., 1969 (repealed L.1977, p. 658) provided for the unconditional release of any prisoner "who shall serve $\frac{3}{4}$ of the time for which he was sentenced in an orderly and peaceable manner ..." The second category of merit-time was set forth in the Administrative Rules and Regulations. Under this system a prisoner who has served $\frac{6}{12}$th or $\frac{7}{12}$th of his sentence may have his sentence commuted by the Governor upon recommendation of correction officials, under the provisions of Art. IV, § 7 of the Constitution as a matter of grace. Under the administrative parole program effective December 15, 1982, a prisoner who has served $\frac{7}{12}$ths of his sentence, is, however, to be placed on administrative parole. "This change in the merit time release program is the basis for movant's claim under his 27.26 motion. In movant's case the difference between $\frac{6}{12}$ and $\frac{7}{12}$ of his sentence is approximately three years." In his motion, he claimed that this change violates the *ex post facto* clause of the Constitution.

The trial court, in its conclusions of law, reviewed Rule 27.26, and stated that such a motion lies if movant establishes grounds that the sentence is subject to "collateral attack." The court stated, "Here, although movant alleges the sentence has been 'improperly executed' due to changes in eligibility for release, his prayer is not to vacate ... but only to be granted the chance to be considered for gubernatorial commutation ..." The court noted that although jurisdictional grounds exist for denial of the mo-

1. This case has a long history. On January 8, 1965, movant was found guilty of statutory rape. On July 23, 1965, he was sentenced to 35 years. On appeal, his conviction was affirmed. *State v. Durham*, 418 S.W.2d 23 (Mo.1967). According to the findings of fact by the trial court, movant filed a 27.26 motion on June 30, 1969, based on allegations of ineffective counsel, mental incompetency, double jeopardy and other grounds. It was denied. The Supreme Court reversed and remanded. *Durham v. State*, 473 S.W.2d 397 (Mo.1971). After remand, the trial court again denied the motion and the denial was affirmed. *Durham v. State*, 538 S.W.2d 881 (Mo.App.1975). Movant then filed habeas cor-

pus in the federal court. On appeal, the petition was denied. *Durham v. Wyrick*, 545 F.2d 41 (8th Cir.1976). Later, movant filed another habeas corpus which was affirmed in part. *Durham v. Wyrick*, 665 F.2d 185 (8th Cir.1981). On June 16, 1976, movant filed a second 27.26 motion alleging a denial of his right to jury trial as a habitual offender for seven previous convictions for which he was pardoned. The motion was denied and affirmed on appeal. *Durham v. State*, 571 S.W.2d 673 (Mo.App.1978). These several motions did not violate Rule 27.26(d). *Cf., Drake v. State*, —— S.W.2d —— (Mo.App. 1988), No. 53897, Eastern District, May 17, 1988.

tion, *Smith v. State*, 517 S.W.2d 148 (Mo. 1974), to avoid a "possible future habeas corpus petition," the court considered the motion as 'a valid one. The court went on to discuss the merits of the *ex post facto* claim and found that there was no such violation of that clause.

In due time movant appealed. On appeal, appellant contends that the administrative parole program established in 1982 displaced the gubernatorial commutation program and unconditional release program, § 216.355 R.S.Mo., 1969, and violates the *ex post facto* clause of the Constitution. because under the previous program, he would be eligible for unconditional release after serving ⁶/₁₂ths of his sentence whereas under the new program he is eligible for conditional release only after serving ⁷/₁₂ths of his sentence.

The thrust of movant's contention is that the present administrative parole program abrogates the gubernatorial commutation program and the statutes, and with it any chance for his consideration of commutation and unconditional release at the previously available times—in his case two years. Consequently, appellant's opportunity to shorten his time in prison through such review was extinguished and he was thereby disadvantaged. Appellant, therefore, seeks the continued application of gubernatorial commutation "to those inmates who were convicted and sentenced before commutation was ended and subsequently replaced by Administrative Parole in December, 1982." He relies principally on *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

The state responds by contending that this proceeding is not properly cognizable in a 27.26 motion. In reply, appellant contends the motion is proper because it collaterally attacks the sentence,[2] and because habeas corpus is not cognizable since appellant does not presently assert an immediate right to release.

We have reviewed the administrative rules and regulations, and the statutes relating to parole or administrative parole and the appellant's contentions on appeal, and conclude that the contentions and allegations presented in appellant's motion are not cognizable in this 27.26 proceeding. While we recognize that the trial court sought to reach the merits of appellant's motion, it is important to confine the remedy of Rule 27.26 within its proper bounds.

The function of Rule 27.26 is limited. Its sole purpose is to determine whether defendant's original trial was violative of any constitutional requirements or if the judgment was otherwise void. It is a procedure designed to achieve a unitary and expeditious post-conviction review of alleged constitutional defects in the trial or sentence of a criminal defendant where the challenge to such defects has not been knowingly and voluntarily waived. *Fields v. State*, 572 S.W.2d 477, 480 (Mo. banc 1978). Rule 27.26(i) provides that if the court finds: (1) that the judgment was rendered without jurisdiction, or (2) that the sentence imposed was illegal or otherwise subject to collateral attack, or (3) that there was such denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate the judgment or resentence him or grant a new trial or correct the sentence. *Hulett v. State*, 468 S.W.2d 636, 637 (Mo.1971). Under the Rule, relief is limited to a finding that the original sentence was illegally or unlawfully imposed. *Love v. State*, 715 S.W.2d 260, 261 (Mo.App.1986); *Brauch v. State*, 653 S.W. 2d 380, 381 (Mo. banc 1983)—Rule is limited in scope to provide procedure to attack conviction and sentence; *Wright v. State*, 459 S.W.2d 370, 371 (Mo.1970); *State v. Statler*, 383 S.W.2d 534, 538 (Mo.1964)— sole purpose is to determine whether original trial or judgment was void; *Smith v. State*, 741 S.W.2d 727, 729 (Mo.App.1987); *State v. Todd*, 433 S.W.2d 550, 555 (Mo.

---

**2.** Rule 27.26(i) provides that if the court finds that the sentence imposed was illegal or otherwise subject .to "collateral attack or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack," the court shall vacate the judgment. "Collateral attack" has reference to the constitutional infirmities of trial or illegality of the sentence other than direct appeal.

1968); *Stout v. State,* 745 S.W.2d 237 (Mo. App.1987)—27.26 not appropriate to order Department of Corrections to correct sentence; *Rutledge v. State,* 753 S.W.2d 31 (Mo.App.1988).

Appellant does not contend or allege on this appeal that his trial was violative of constitutional requirements or that his sentence was illegally or unlawfully imposed, the *sine qua non* of a 27.26 motion. Rather, appellant urges that the administrative parole program effective in 1982 denies him his rights to possible commutation under the gubernatorial commutation program, and thus violates the *ex post facto* clause.[3] Appellant's motion and his contentions on appeal all relate to the administrative rules and regulations of the executive branch relating to administrative parole. Since appellant is not attacking the original sentence, or contending that his sentence was illegally imposed, a 27.26 motion is an inappropriate remedy. *See Love v. State, supra,* 715 S.W.2d at 261. There are appropriate remedies to test the legality of continued incarceration when the time arrives, or to presently test the validity of the administrative parole program as it relates to the *ex post facto* clause of the Constitution. *Cf., Reiter v. Camp,* 518 S.W.2d 82, 84 (Mo.App.1974); *Smith v. State, supra,* 741 S.W.2d at 729; *Green v. State,* 494 S.W.2d 356, 357 (Mo. banc 1973)—legality of revocation of parole not matters within scope of 27.26.

On the basis that the allegations in movant's motion to vacate, and the findings, conclusions and order of the trial court are not cognizable in a 27.26 motion and are not clearly erroneous, Rule 27.26(j), the judgment is affirmed.[4]

SATZ, C.J., and CARL R. GAERTNER, J., concur.

---

3. The trial court recognized that appellant's motion could be denied on jurisdictional grounds, but nevertheless, addressed the merits of the *ex post facto* contention. The court stated:

   To show an ex post facto violation, movant must prove that the effect of the particular law in question must be retrospective and its result is to disadvantage movant. *Weaver v. Graham,* 450 U.S. 24 [101 S.Ct. 960, 67 L.Ed. 2d 17] (1981) ...

   Movant cites principally *Weaver v. Graham* and *Miller v. Florida,* [— U.S. ——, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) ] in support of his argument both of which is distinguished. In our case, there is no evidence that the Governor's power to commute sentences under Article IV, Section 7 of the Missouri Constitution has been revoked as a result of the implementation of the administrative parole program. Unlike the trial Judge in *Miller,* the discretion to grant commutation of sentence still exists with the Governor who is not bound by strict guidelines.

   Additionally, the administrative parole program did not directly affect the sentence which this movant received in 1965. *Weaver* dealt with a statutory change in merit or gain time received for good conduct. The Court ruled that the old statute gave prisoners an expectation of good time credit and thus a right to fair notice or warning existed. Here, movant cannot claim the same expectation or privilege because the gubernatorial commutation is purely discretionary with the Governor, and, thus, no right to fair warning or notice exists. Movant has presented no evidence that implementation of this new program abrogates the constitutional power of the Governor to continue to commute sentences. Additionally, due to the discretionary nature of the Governor's commutation power movant has no vested right to even expect to be considered for such. This hope or possibility of being considered does not rise to the level of a vested expectation or right. This Court cites *Love v. Black* [597 F.Supp. 1092 (E.D.Mo.1984) ] as a case in point which was decided after *Weaver* and which specifically distinguished *Weaver.*

   Based on the foregoing, this Court finds that the implementation of the administrative parole program does not represent an ex post facto violation and is not contrary to public and criminal justice policy.

4. The trial court's order is to be affirmed if the result reached is correct on any tenable basis, and if the order may be sustained on any other ground, the order must be affirmed. *See Davis v. State,* 600 S.W.2d 182, 184 (Mo.App.1980).