**Charles E. SWAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55510.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 13, 1989.

David Earl Woods, Poplar Bluff, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Charles E. Swan, appeals from the denial of his Rule 27.26[1] motion without an evidentiary hearing. Movant asserts the motion court clearly erred in denying his motion for post-conviction relief in that, he argues, he was entitled to credit for jail time served for a conviction on count I of cause number CR581–38FX to-

wards the sentences imposed in counts II and III of the same cause number. We affirm the judgment of the motion court.

On May 11, 1981, movant pled guilty, in cause number CR581–38FX, to stealing, in violation of RSMo § 570.030 (1986), to second degree burglary, in violation of RSMo § 569.170 (1986), and to attempt to commit second degree burglary, in violation of RSMo § 564.011 (1986). He was sentenced to ten months imprisonment on count I, stealing; five years probation with a suspended imposition of sentence of three years imprisonment on count II, second degree burglary; and five years probation with a suspended imposition of sentence of three years imprisonment on count III, attempted second degree burglary. On September 23, 1981, the trial court determined movant had completed the ten month sentence imposed in count I and ordered that movant be released.

On July 19, 1982, movant in an unrelated case, cause number CR582–318FX pled guilty to a three count information. He was sentenced to six years imprisonment on count I, five years imprisonment on count II, and six years imprisonment on count III, such sentences to be served concurrently.

On September 7, 1982, movant's probation on counts II and III, in cause number CR581–38FX, was revoked as a result of the convictions in CR582–318FX. The trial court then sentenced movant to two concurrent three year terms of imprisonment in counts II and III of cause number CR581–38FX, this sentence to be served consecutively to the terms imposed in CR582–318FX.

In his Rule 27.26 motion, movant alleges he was entitled to credit for the ten months he served in count I of cause number CR581–38FX towards the sentences imposed in counts II and III of cause number CR581–38FX. He maintains that the trial court's sentence of ten months imprisonment is contrary to the finding in counts II

1. Rule 27.26 was repealed effective January 1, 1988. However, under Rules 24.035(1) and 29.-15(m), if sentence was pronounced prior to January 1, 1988, and a motion under Rule 27.26 was pending, Rule 27.26 governs. Movant's motion was filed before January 1, 1988.

and III that movant was eligible for probation; thus, he asserts that, for the court's order to be reconciled, he must be given credit for the ten months he served on count I. Movant's novel, albeit meritless, argument is that in actuality the trial court sentenced him to probation on count I, as an "inference" of probation arose by the trial court not sentencing him to imprisonment on counts II and III.

This court has recently held in two decisions that Rule 27.26 is not the proper remedy where the issue is whether or not the Department of Corrections is imposing the sentence which was ordered by the trial court. *See Smith v. State,* 741 S.W.2d 727 (Mo.App., E.D.1988) and *Stout v. State,* 745 S.W.2d 237 (Mo.App., E.D.1988). Thus, movant's claim is not cognizable in a Rule 27.26 motion.

Judgment affirmed.

DOWD and KAROHL, JJ., concur.