State v. Sloss.

THE STATE, Appellant, v. SLOSS, Respondent.

1. The pardoning power belongs exclusively to the executive department of the government and can not be exercised by the legislative department.
2. The "act to relieve certain persons from the penalties of an act entitled 'an act to regulate dram-shops,' approved December 13, 1855, (R. C. 1855, p. 682,)" approved February 12, 1857, (Sess. Acts, 1857, p. 60,) releasing all persons, then indicted for violations of the said act to regulate dram-shops committed before December 15, 1856, from prosecution, provided each individual shall pay all the costs and a fee of two dollars to the circuit attorney—and declaring that whenever any person so indicted shall pay said costs and fee, it shall be the duty of the circuit judge to order said case to be dismissed—is unconstitutional, it being an attempted exercise of the pardoning power, and also an interference with the judicial department of the government.*

* The following is the act declared unconstitutional:

"*An act to relieve certain persons from the penalties of an act entitled 'An act to regulate dram-shops,' approved December 13, 1855.*

"Whereas, it was lawful for any person to sell ardent spirits in any quantity not less than one quart before the approval of said act; and whereas said act never was published; and whereas the statute containing said law making it an offence to sell less than one gallon was not distributed until about the 15th of December, 1856; now therefore,

*Appeal 'rom St. Clair Circuit Court.*

The facts are su[fficie]ntly set forth in the opinion of the court.

*Ewing*, (attorney general,) for the State.

The act of December 13, 1855, under which the indictment was found, took effect 1st May, 1856. The act of 1857 does not repeal or modify the law of 1855, but releases defendant from a pending prosecution for an offence against that law, upon the performance of certain conditions. It is an act of legislative pardon. The conditions annexed do not make it less an act of pardon, and the performance of such conditions by defendant can not give validity to the act. The pardoning power is vested in the governor by the constitution, and it is an exclusive power in that officer. The act in question blends the powers of the legislative and judicial departments of the government; is an interference by the former with the administration of criminal justice, and therefore unconstitutional. (Art. 2 Constitution; State v. Fleming et al. 7 Humph. 152.) The act authorizes the criminal judge to dismiss the prosecutions. An expression of the will of the law-making power, that defendant and others against whom indictments were pending at the time be released from such prosecutions, is not to enact a law; it is an order, a judgment, a decree.

*" Be it enacted by the General Assembly of the State of Missouri, as follows:*

"§ 1. That all persons in the state of Missouri, who are now indicted for a violation of said law committed before the 15th of December, 1856, be and they are hereby released from said prosecution; provided each individual shall pay all costs in said case and a fee of two dollars to the circuit attorney.

"§ 2. *And be it further enacted,* That whenever any person who is indicted as aforesaid shall pay cost and fee as aforesaid to the circuit attorney, that it shall be the duty of the circuit judge to order said case to be dismissed.

"§ 3. *And be it further enacted,* That any person, indicted as aforesaid, not complying with this statute, shall be prosecuted as is now provided by law.

"§ 4. That nothing in this act contained shall apply to any case where the offence was committed after the 15th of December, 1856.

"§ 5. This act shall take effect and be in force from and after its passage.

"Approved February 12, 1857."

State v. Sloss.

*Johnson,* for respondent.

The Circuit Court did right in dismissing this case according to the terms and provisions of the act of the general assembly, approved 12th February, 1857. The act of the general assembly above referred to merely changes the penalty from a fine of twenty dollars, upon trial and conviction, to the costs incurred, and a fee of two dollars to the circuit attorney—a change of punishment, nothing more—a power which has been exercised by the legislature without question from the earliest period of the state government and acquiesced in by all the departments of government up to the present time. See the various bills passed to relieve sheriffs and other officers from penalties incurred—much stronger cases than the one at bar.

SCOTT, Judge, delivered the opinion of the court.

In 1857 the general assembly passed an act to the purport that all persons in the state of Missouri, who are now indicted for the violation of the act to regulate dram-shops committed before the 15th December, 1856, be and they are hereby released from said prosecution ; provided each individual shall pay all the costs in said case, and a fee of two dollars to the circuit attorney.

The defendant was one of the individuals embraced within the purview of this act, and produced to the court satisfactory evidence that he had complied with the conditions of its proviso, and thereupon, upon his motion, the court dismissed the cause and entered judgment for the defendant. To this action of the court below the State excepted and took an appeal to this court.

The powers of the general assembly are not unlimited. All the departments of our government are confined in their operations. They have prescribed limits, which they can not transcend. The union of the legislative, executive and judicial functions of government in the same body, as shown by experience, had been productive of such injustice, cruelty and

oppression that the framers of our constitution, as a safeguard against those evils, ordained that the powers of government should be divided into three distinct departments, and that no person charged with the exercise of powers properly belonging to one of these departments should exercise any powers properly belonging to either of the others, except in the instances expressly directed or· permitted by the constitution.

Although questions have sometimes arisen whether a power properly belonged to one department of government or anther, yet there is no contrariety of opinion as to the department of the government to which the power of pardoning offences properly appertains. All unite in pronouncing it an executive function. So the framers of our constitution thought, and accordingly vested the power of pardoning in the chief executive officer of the state.

There can be no question as to the nature of the act under consideration. It is as effectually a pardon as though it were one in form under the great seal of the state. Its being clothed with the forms of legislation can not vary its nature and effect. If such laws are warranted by the constitution, it is plain that the power of granting pardons is as fully in the general assembly as though it had been in express terms conferred on that body. The exercise of power involved in the passage of the act under consideration is not to be likened to that exerted in passing laws releasing sheriffs, collectors and others from forfeitures incurred for failing to collect and pay over the public money. The existence of such a power is incident to the relation of creditor and debtor and to the authority to pass laws for the management of the public revenue. The operation of the act under consideration is confined entirely to the release of individuals from prosecution who stand indicted for offences. That is its sole object. The justice or propriety of the act of pardon has nothing to do with the question of its constitutionality. We are not to presume that the governor, under suitable circumstances, will not exercise the power with which he has been clothed by the

constitution.   He is the sole judge of the propriety of grant-
ing a pardon.   The conditions prescribed in order to obtain
the benefit of a release under the act do not the less make
it a legislative pardon ; they only change it from an abso-
lute into a conditional pardon.

The time at which the act was passed renders it obnoxious
to the objection that it interferes with the judicial depart-
ment.   The act, before trial and conviction, directs the dispo-
sition that shall be made of the cause.   Where is the war-
rant in the constitution for the general assembly to direct
what disposition shall be made of causes depending in the
courts ?   Is not the exercise of such a power a judicial func-
tion ?   The governor can pardon both before and after con-
viction.   His pardon before conviction being pleaded would
be a defence to the accusation.   Here is a prosecution de-
pending in court and the legislature comes in and orders the
party to be released from it.   What is that in effect but en-
tering a judgment of acquittal ?

In the case of the State v. Fleming, 7 Humph. 152, a law
very similar in its effects to that under consideration was ex-
amined, and the court did not doubt but that it was uncon-
stitutional.   Judgment reversed, and cause remanded ; Judge
Ryland concurring ; Judge Leonard absent.