**Larry WAYNE, Appellant,**

v.

**Carl WHITE, Superintendent, and Attorney General of the State of Missouri, Appellees.**

No. 83–2488.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1984.

Decided May 31, 1984.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Shepherd, Sandberg & Phoenix, P.C., Richard L. Prebil, St. Louis, Mo., for appellant.

Before ROSS, BENNETT [*], and ARNOLD, Circuit Judges.

PER CURIAM.

This is a petition for habeas corpus brought by Larry Wayne, a state prisoner. The District Court [1] dismissed the petition without prejudice for failure to exhaust state remedies. We affirm the dismissal, though on different grounds.

■ As to exhaustion, the question is whether there is any presently available remedy in the courts of Missouri. If there is such a remedy, it is a petition under Mo.Sup.Ct.R. 27.26, a state procedure analogous to 28 U.S.C. § 2255. We are persuaded that in fact the courts of Missouri would not entertain a Rule 27.26 petition in this case. The reason is that Wayne has previously filed a petition under this rule, without raising the grounds that he now claims render his conviction invalid. Under Rule 27.26(d), a successive petition will not be entertained unless the petitioner gives good cause why the grounds he now seeks to raise were not previously raised. No such cause has been suggested, and Wayne was represented by counsel at the time of his previous 27.26 petition. For a fuller statement of the background of this case, see our previous opinion, *Wayne v. Wyrick*, 646 F.2d 1268 (8th Cir.1981).

■ Since there is no presently available state remedy, failure to exhaust is not a bar to this proceeding. Deliberate bypass of state procedures, however, is a bar. The State has provided an adequate avenue for Wayne's contentions, he has failed to use that avenue, and no reason is suggested as good cause for the failure. The federal courts may therefore not entertain this petition. The order of the District Court dismissing the petition will be affirmed. Since that order was based on the exhaustion doctrine, the dismissal was without prejudice. Logically, a dismissal based on deliberate bypass, which is the ground adopted by this Court, would be a dismissal with prejudice, but the respondent has not cross-appealed, and we may not, as an appellate court, grant an appellee more relief than he secured below. The effect of our affirmance, therefore, is to leave in place the District Court's order dismissing Wayne's petition without prejudice.

This disposition makes it unnecessary to discuss the State's alternative argument that this second federal habeas petition should be dismissed as an abuse of the writ. We are grateful to appointed counsel for his diligent services to appellant.

Affirmed.

---

[*] The Hon. Marion Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

[1] The Hon. William L. Hungate, United States District Judge for the Eastern District of Missouri, adopting a recommendation made by the Hon. William S. Bahn, United States Magistrate for the Eastern District of Missouri.