**Morris Odell MASON, Appellant,**

v.

**Raymond K. PROCUNIER, Director Virginia Department of Corrections, Appellee.**

**No. 84–4005.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1984.

Decided Nov. 2, 1984.

Richard J. Bonnie, Charlottesville, Va. (J. Lloyd Snook, III, Paxson, Smith, Gilliam & Scott, Charlottesville, Va., on brief), for appellant.

James E. Kulp, Sr. Asst. Atty. Gen., Richmond, Va., (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellee.

Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Morris Odell Mason, a Virginia prisoner sentenced to be executed on November 21, 1984, appeals from an order of the district court denying his petition for a writ of habeas corpus. We affirm.

The facts are set forth in *Mason v. Commonwealth*, 219 Va. 1091, 254 S.E.2d 116 (1979).

Mason assigns the following errors:

1. The District Court erred in rejecting Appellant's claim that the trial court's refusal to order an independent psychiatric examination violated Appellant's Sixth and Fourteenth Amendment rights.

2. The District Court erred in rejecting Appellant's claim that he was denied the effective assistance of counsel at and in connection with the penalty phase of his capital murder trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

3. The District Court erred in rejecting Appellant's Counts I and II concerning the facial and systemic unconstitutionality of the death penalty.

■ Mason's first assignment of error is foreclosed by *Smith v. Baldi*, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549 (1953) and *Satterfield v. Zahradnick*, 572 F.2d 443 (4th Cir.1978).

■ Mason's second assignment of error must be rejected on the basis of the court's findings of fact in the state habeas corpus proceedings. After a plenary hearing, the state court found that Mason's counsel were not ineffective at the penalty phase of the trial. Mason has not established that the state proceedings suffered any of the defects enumerated in 28 U.S.C. § 2254(d). Consequently, we must accept the state court's findings. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

■ Furthermore, the state habeas court ordered an examination to determine whether at the time of the offense Mason was under extreme mental or emotional disturbance, or whether his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was significantly impaired. The scope of the examination was intended to elicit information about the mitigating factors set forth in Va. Code § 19.2–264.4 pertaining to a defendant's mental condition. Upon receiving the report of the examination, the state habeas court found no mitigating abnormalities. It also found that Mason was not prejudiced by any omission of trial counsel. These findings must be accepted by us pursuant to 28 U.S.C. § 2254(d). The absence of prejudice is an additional ground for affirmance. *See Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The claims raised in the third assignment of error are barred because of Mason's procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). We note that the statutes have been held constitutional. *Briley v. Bass*, 742 F.2d 155 (4th Cir.1984), *aff'g* 584 F.Supp. 807, 838–43 (E.D.Va.1984); *Waye v. Commonwealth*, 219 Va. 683, 251 S.E.2d 202 (1979); *Smith v. Commonwealth*, 219 Va. 455, 248 S.E.2d 135 (1978).

A certificate of probable cause is granted. The judgment of the district court is affirmed. The motion for a stay is denied. *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). The clerk is directed to issue the mandate forthwith.

ORDER

The petition for rehearing and for rehearing en banc filed by Morris Odell Mason presents two issues:

I. In rejecting appellant's claim that he was denied his right to the appointment of an independent psychiatric expert to assist counsel in the preparation of evidence in mitigation of sentence, the panel failed to address an apparent conflict with this

**854**

court's decision in *Williams v. Martin.*

II. In rejecting Mason's claim that he was denied the effective assistance of counsel, the panel improperly relied upon state court "Findings of Fact," and overlooked an important aspect of the United States Supreme Court's decision in *Strickland v. Washington.*

With respect to the first issue, the court perceives no conflict with *Williams v. Martin,* 618 F.2d 1021 (4th Cir.1980), which dealt with the appointment of a pathologist for which the South Carolina statute made provision. In contrast, Virginia law made no provision for appointment of a psychiatrist to assist the defendant. *See Mason v. Commonwealth,* 219 Va. 1091, 254 S.E.2d 116 (1979).

*Smith v. Baldi,* 344 U.S. 561, 568, 73 S.Ct. 391, 394, 97 L.Ed. 549 (1953), holds that a state is not under a constitutional mandate to provide the defendant a psychiatrist. The court deems *Smith v. Baldi* to be controlling precedent to which it must adhere.

Elaborating on the second issue in his petition for rehearing, Mason emphasizes that "both the performance and the prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Strickland v. Washington,* 104 S.Ct. 2052, 2070 (1984). Putting aside, for the purpose of addressing the petition for rehearing, the question of the performance of Mason's counsel at sentencing, we conclude that the district court did not err in holding that Mason had not established prejudice. As the opinion points out, the psychiatric examination ordered by the state habeas court established that Mason suffered no mitigating abnormalities. The findings and conclusions of the state habeas court and the district court satisfy the standards for determining prejudice set forth in *Strickland v. Washington,* 104 S.Ct. at 2068.

The petition for rehearing is denied. No member of the court has requested a poll on the request for rehearing en banc.