**George C. GILMORE, Appellee,**

v.

**Bill ARMONTROUT, Appellant.**

**George C. GILMORE, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

**Nos. 88–1378, 88–1517.**

United States Court of Appeals,
Eighth Circuit.

Feb. 21, 1989.

Before LAY, Chief Judge, HEANEY,[*] Senior Circuit Judge, and McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL and BEAM, Circuit Judges.

ORDER DENYING PETITION FOR
REHEARING EN BANC.

The petition for rehearing en banc has been considered by the court and is denied by reason of the lack of majority of active

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

judges voting to rehear the case en banc. Chief Judge Lay, Judges Heaney and McMillian, dissent from the denial of the petition to rehearing the case en banc.

The petition for rehearing is also denied by the court.

LAY, Chief Judge, with whom HEANEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge, join, specially dissenting.

I respectfully dissent.

1. The panel holds that an "adequate and independent procedural bar" was erected because Gilmore did not raise his claim concerning the prosecuting attorney's closing argument *in the appeal from the denial of his Rule 27.26 post-conviction motion.* The panel holds the cause and prejudice analysis of *Wainwright* applicable to *post-conviction appellate* proceedings. I take issue with these determinations. I realize that the panel is bound by our prior ruling in *Stokes v. Armontrout,* 851 F.2d 1085 (8th Cir.1988), *cert. denied,* ___ U.S. ___, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989). However, there is no analysis submitted in *Stokes* which addressed extending the application of *Wainwright* and such application, in my view, is fundamentally unsound. This issue should be fully aired before the entire court en banc.

The issue at hand arises where a claim of ineffective assistance of counsel was omitted *in the post-conviction proceeding.* The basis of the ineffective assistance claim itself arises by reason of original counsel not raising a constitutional claim at trial or on appeal. Suffice it to say the Supreme Court has upheld the applicability of the *Wainwright* bar for failure to raise a claim *on direct appeal* by a one vote margin. *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). The Supreme Court has never, to date, applied *Wainwright* in a post-conviction context.

The reasons to apply a procedural bar for failing to raise a claim in a post-conviction hearing are much more attenuated than in a direct criminal proceeding. The same state interests are not applicable. First, the state need not even provide a post-conviction proceeding. Second, several of the states, including Missouri, allow only one post-conviction proceeding. Thus inadvertance or inexperience of appointed lawyers in state post-conviction proceedings may weigh heavily to prejudice a petitioner's constitutional rights. I have no disagreement with application of a waiver rule under narrow circumstances. *See Wayne v. White,* 735 F.2d 324, 325 (8th Cir.1984) (federal habeas petitioner who deliberately by-passed raising a specific claim in initial post-conviction petition held procedurally barred). However, the deliberate by-pass rule requires a knowing

The legal prejudice involved in the prosecutor's misleading and inaccurate argument clearly undermined the accuracy of Gilmore's sentencing process. The procedural bar of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), is applicable only where the claim is "devoid of [constitutional deficiencies which] undermine[ ] the accuracy of the guilt or sentencing determination." *Smith v. Murray,* 477 U.S. 527, 538–39, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986). As such, the principles of *Wainwright* do not apply in this case.[1]

waiver by the petitioner and, as *Wainwright* makes clear, such a rule is clearly distinguishable from a cause and prejudice test.

Analysis of the policies behind the contemporaneous objection rule and the need for adequate appellate review demonstrate that the successive petition rule under Rule 27.26 serves totally different purposes. I respectfully submit these concerns do not provide an adequate state interest to bar federal consideration of a constitutional claim. The basic concern of the state is to encourage post-conviction petitioners to consolidate all constitutional claims into one petition so as to avoid successive or repetitious petitions. As worthy as such a policy may be, such a concern falls far short of a state's interest in requiring an adequate trial or appellate record involving a direct challenge to a possible unconstitutional conviction.

Other considerations militate against using a procedural bar arising from an omission in a Rule 27.26 proceeding as an adequate state ground to bar federal court review. First, the state procedure is a civil proceeding. A state need not even provide such a procedure, and if it does, appointment of counsel is not constitutionally necessary. How unfair it would be to bar a pro se litigant from raising a federal constitutional claim in federal court because he did not set it forth in his first Rule 27.26 pleading.

Furthermore, it is in the interest of state administrative efficiency to have the same trial or appellate counsel represent a convicted defendant in his post-conviction hearings in both state and federal court. Retention of the same counsel provides many advantages. He or she is the most knowledgeable as to the trial record and can more adequately represent the petitioner throughout both state and federal proceedings. However, where there is a claim of ineffective assistance of counsel at trial to be asserted it would never be raised at the first Rule 27.26 proceeding if counsel were the same. Moreover, even if new counsel were appointed, as occurred here, the newly-appointed counsel could never be challenged as being ineffective in failing to raise the sixth amendment claim in the post-conviction proceeding because the lat-

*Id.* Furthermore, the error of counsel in failing to make a contemporary objection to the constitutional error involved was so egregious and prejudicial in and of itself that it clearly constituted ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

I find totally inappropriate the following emphasized portion of the prosecuting attorney's closing argument:

> If you put this man in the penitentiary for a period of fifty years without probation—or without parole, you haven't punished him. He's been to the penitentiary before. In fact, he's escaped from it. *And also you have absolutely no guarantee that the legislature down the road, here, won't change its mind, that they won't pass another law saying that you can let someone who's been convicted like this defendant out of jail before the fifty years are up, or the governor could commute his sentence.*

The panel opinion concluded that "no impropriety was committed in th[is] matter

sub judice," citing *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), and *California v. Ramos,* 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983). This conclusion is in error. Additionally, the panel ignored the district court's analysis of Missouri cases and held that Missouri case law does not bar such an argument. This was likewise clear error.

Two Supreme Court cases address this issue: *Ramos,* 463 U.S. 992, 103 S.Ct. at 3448, and *Caldwell,* 472 U.S. 320, 105 S.Ct. at 2635. In *Ramos,* the United States Supreme Court held that a California law requiring jury instruction indicating that a sentence of life without parole could be commuted by the Governor did not violate the eighth and fourteenth amendments. In so holding, *Ramos* did not go so far as to mandate use of such an instruction. Rather, "[t]he Court repeatedly emphasized that the instruction was a *permissible* choice for the [S]tate to make." *State v. McDonald,* 661 S.W.2d 497, 518 (Mo.1983) (en banc) (emphasis in original) (Blackmar, J., concurring in part and dissenting in part).[2]

ter is a civil proceeding to which the sixth amendment does not attach.

The most obvious means to satisfy "cause" under *Wainwright* is to show ineffective assistance of counsel. *See Murray v. Carrier,* 477 U.S. 478, 485–92, 106 S.Ct. 2639, 2644–48, 91 L.Ed.2d 397 (1986). Yet the State boldly asserts that it is impossible for Gilmore to prove the requisite "cause" under *Wainwright* with a claim of ineffective assistance of Rule 27.26 trial or appellate counsel because such a claim cannot be an independent ground for habeas relief. In other words, according to the State, no "cause" can be asserted here due to failure of counsel to raise the constitutional claim in the Rule 27.26 proceeding because no sixth amendment right to counsel exists in the civil post-conviction proceeding. Surely this "catch–22" bar is not sufficiently worthy to preclude a federal court from entertaining a federal constitutional claim in a habeas corpus petition.

Finally, the panel fails to note that federal courts are instructed not to apply the cause and prejudice test where a miscarriage of justice is alleged that undermines the accuracy of the guilt determination or sentencing process. *Smith v. Murray,* 477 U.S. at 538–39, 106 S.Ct. at 2668–69. This is precisely the case here, yet the panel pays no heed to this concern.

In sum, the cause and prejudice test of *Wainwright* should not be extended to the failure to raise a claim in a state post-conviction proceeding. The very absence of Supreme Court cases

on such an extension should demonstrate its infeasibility. A state procedural bar arising from an omission to state a claim in a post-conviction proceeding should not form an adequate state ground to bar federal consideration of a constitutional claim. The panel opinion fails to fully comprehend the cause and prejudice test of *Wainwright* by providing, without discussion, an unwarranted extension of it in an area where it is completely unworkable.

2. Although the panel opinion recognizes the limited scope of *Ramos'* holding, it goes on to note that the *Ramos* Court's "conclusion that the commutation instruction did not violate the federal Constitution is apropos and instructive in this [matter.]" The panel then notes, parenthetically, that it believes that neither Missouri statutes nor Missouri case law prohibits capital sentencing juries from considering the Governor's power to commute a sentence or the power of the state legislature to modify parole statutes. This "belief" is, in part, incorrect. It is true that the Missouri *legislature* does not prohibit capital sentencing juries from considering this information; it is not true that Missouri *case law* does not prohibit such consideration. The Supreme Court determined that the States are best left with the wisdom to decide whether to permit this activity, *Ramos,* 463 U.S. at 1014, 103 S.Ct. at 3460; the simple fact is that Missouri has repeatedly held "[r]eferences to clemency and legislative intervention in reducing

The panel feels that Gilmore's reliance upon *Caldwell* is misplaced because the comments here were not, in their opinion, misleading. In addition, the panel places emphasis, via *Caldwell*, on the fact that the trial court in the present case submitted a curative instruction.[3] I disagree with both of these assessments.

*Ramos* holds that a Governor's power of commutation of a life sentence is not an improper consideration for a jury. This is because such a statement, although admittedly speculative in nature, is factually accurate and not misleading. *Ramos*, 463 U.S. at 1004 & n. 19, 1009, 1012, 103 S.Ct. at 3455 & n. 19, 3457, 3459. In the present case the argument of the prosecutor tells the jury that in addition to the Governor's power to commute the sentence, the *legislature* may possibly do the same. This is clearly inaccurate and misleading.

In Missouri, only the executive branch has the power of clemency to commute a sentence. Mo. Const. art. IV, § 7; *see also* Mo.Rev.Stat. § 217.800 (1982); *State v. Sloss*, 25 Mo. 291 (1857) (held pardoning power belongs exclusively to the executive branch of government and cannot be exercised by the legislative branch); *State v. Todd*, 26 Mo. 175 (1857) (same); *State ex. rel Stewart v. Blair*, 356 Mo. 790, 203 S.W.2d 716 (1947) (en banc); *Durham v. State*, 751 S.W.2d 808 (Mo.Ct.App.1988). To suggest that the legislature has the authority to, and possibly will, "pass another law saying that you can let someone who's been convicted like [Gilmore] out of jail before the fifty years are up" is therefore not only a misleading statement, it is factually inaccurate. Such an idea has never been recorded in Missouri. Indeed such an attempt was explicitly struck down by the Supreme Court of Missouri in the companion cases of *Sloss* and *Todd*. In 1857 the Missouri general assembly passed an act that purported to relieve persons from the penalties for violation of a then-existing dram shop act. The court held this attempted exercise of the pardoning power by the legislature unconstitutional, noting: "There can be no question as to the nature of the act under consideration. It is as effectually a pardon as though it were one in form under the great seal of the state. Its being clothed with the forms of legislation can not vary its nature and effect." *Sloss*, 25 Mo. at 294. *See also Todd*, 26 Mo. 175 (1857) (citing with approval the reasoning articulated in *Sloss* ).

---

sentences * * * to be improper." *McDonald*, 661 S.W.2d at 506; *see also State v. Kaempfer*, 342 Mo. 1007, 119 S.W.2d 294 (1938) (held improper for prosecutor in oral argument to call jury's attention to the possibility of defendant's release from imprisonment by parole or some similar procedure as a reason for imposing greater penalty to compensate for such prospective mitigation); *State v. Tiedt*, 357 Mo. 115, 206 S.W.2d 524 (1947) (en banc) (held reversible error and inflammatory for prosecutor to argue concerning defendant's possible thinking that a new governor or penal board would pardon or parole him); *State v. Cornett*, 381 S.W.2d 878 (Mo.1964) (en banc) (held reversible error for trial court to inform the jury that sentence imposed by its verdict may be diminished by parole or some similar procedure not administered by the judicial branch of government); *State v. Lewis*, 443 S.W.2d 186 (Mo.1969) (held that rule of *Cornett* case applies with equal vigor to a prosecutor's argument); *State v. Roberts*, 709 S.W.2d 857 (Mo.) (en banc), *cert. denied*, 479 U.S. 946, 107 S.Ct. 427, 93 L.Ed.2d 378 (1986) (held reversible error when prosecutor's comments, although technically correct statements of law, diminished the jury's sense of responsibility in violation of the eighth amendment). In fact, not only has the Supreme Court of Missouri held this type of activity to be improper for some 25 years, it felt strongly enough about the repeated attempts by prosecutors at circumventing its holdings to issue an explicit admonition: "[t]hus though the prosecutor made a technically correct statement of law, the possibility exists that it may be used in such a manner to alter a jury's sense of responsibility, and *accordingly, prosecutors should hereafter avoid such argument.*" *Roberts*, 709 S.W.2d at 869 (emphasis added). *See also State v. Driscoll*, 711 S.W.2d 512, 518 (Mo.1986) (Blackmar, J., concurring) (noting court's prior admonition in *Roberts* ); *State v. Stutts*, 723 S.W.2d 594, 596 (Mo.Ct.App.1987) (same). It was therefore clearly wrong for the panel to hold that Missouri case law would sanction the prosecutor's comments in the instant case.

**3.** The Missouri Supreme Court states to the contrary. *See State v. Cornett*, 381 S.W.2d 878, 881 (Mo.1964) (en banc) ("The statement is not rendered harmless by reason of the further statement of the court to the effect that the jury must be guided by the instructions and let the future take care of itself.").

Nor should the statement be reconciled to harmless speculation. The jury is told that in addition to the Governor another branch of state government may reduce Gilmore's possible life sentence and let him out on the streets. This conveys the false, mental picture to the lay juror that there exist two distinct and independent possibilities that Gilmore's life sentence would be commuted. This clearly enhances the possibility that the jury will provide the death sentence not because the defendant's crime justifies it, but because the defendant has an even greater possibility of having a life sentence commuted at some time in the future.

I respectfully submit the prosecutor's statement is not accurate and is clearly misleading. It is unconstitutional under *Caldwell.* To hold that petitioner has not been prejudiced is to ignore both state and Supreme Court opinions. This injustice warrants the full review of this court en banc. I therefore dissent from the denial of the rehearing en banc.