**Buddy Earl JUSTUS,**
**Petitioner–Appellant,**

v.

**Edward W. MURRAY, Director, Virginia**
**Department of Corrections,**
**Respondent–Appellee.**

**No. 89–4005.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1989.

Decided March 2, 1990.

Rehearing and Rehearing In Banc
Denied March 20, 1990.

John Michael Copacino, Deputy Director (argued), Georgetown University Law Center, Washington, D.C., for petitioner-appellant.

Robert H. Anderson, III, Asst. Atty. Gen., Mary Sue Terry, Atty. Gen., on the brief, Richmond, Va., for respondent-appellee.

Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.

K.K. HALL, Circuit Judge:

Buddy Earl Justus appeals from the judgment entered in favor of the Virginia Department of Corrections on his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. Although on different reasoning, we affirm.

I

On October 3, 1978, Ida Mae Moses was found murdered in her home in Montgomery County, Virginia. She had been shot twice in the face and once in the back of the head; any one of the wounds would have been fatal. Forensic tests showed that Moses, who was 8½ months pregnant at the time of the murder, had also been raped. Further, it was determined that she had been killed by her own gun, a snubnosed .22 caliber pistol, which was stolen during the incident. *See Justus v. Commonwealth of Virginia*, 220 Va. 971, 266 S.E.2d 87, 89 (1980); *Justus v. Commonwealth of Virginia*, 222 Va. 667, 283 S.E.2d 905, 907 (1981), *cert. denied*, 455 U.S. 983, 102 S.Ct. 1491, 71 L.Ed.2d 693 (1982).

On October 11, 1978, petitioner was arrested in Grundy, Virginia, pursuant to an arrest warrant for a Georgia murder. He waived his *Miranda* rights and confessed that he had burglarized the Moses' home and had murdered Moses. However, he denied raping her. In January 1979 petitioner was indicted for capital murder during the commission of a rape, in violation of Va.Code §§ 18.2–31(5), 18.2–32.

At trial, Justus did not deny committing the murder. Instead, he used his confession of the burglary and murder to bolster the credibility of his denial of the rape. While this strategy conceded the commission of a first degree murder, if successful, it would have defeated the capital murder charge, and with it, the potential for the death penalty.[1] The strategy proved unsuccessful and Justus was convicted of capital murder. On a recommendation from the jury, he was sentenced to death.

On appeal, the Supreme Court of Virginia reversed the conviction because of an error in jury selection. *Justus*, 266 S.E.2d at 90–92. On remand, Justus employed the same trial strategy and again was found

---

[1]. On the facts, the case against Justus was very strong. Besides his confession to the police, he had bragged about the murder and rape to a third party, he was found in possession of the murder weapon, and secretion tests indicated that Justus "could not be excluded" as a possible source of the seminal fluid found in decedent's vagina. *Justus*, 283 S.E.2d at 907.

guilty of capital murder and sentenced to death. This time, the conviction was upheld on appeal. *Justus v. Commonwealth,* 222 Va. 667, 283 S.E.2d 905 (1981), *cert. denied,* 455 U.S. 983, 102 S.Ct. 1491, 71 L.Ed.2d 693 (1982).

Justus sought habeas relief in state court. On February 13–14, 1985, a hearing was held on his petition. In August 1985, the petition was denied in full. The Virginia Supreme Court denied a petition for appeal, as well as a petition for rehearing. Likewise, the U.S. Supreme Court denied certiorari. *Justus v. Barss,* 479 U.S. 1101, 107 S.Ct. 1331, 94 L.Ed.2d 182 (1987).

Justus next turned to the federal courts, filing a federal habeas petition in April, 1987. By consent of the parties, the petition was dismissed without prejudice because it contained unexhausted claims. Justus then filed directly in the Virginia Supreme Court another habeas petition which raised the unexhausted claims. That petition was denied by order dated February 22, 1988, on the grounds that all of Justus' claims were procedurally defaulted.

Finally, on May 6, 1988, the instant habeas petition was filed in district court. The petition was referred to a magistrate who, in a lengthy and thorough report, recommended that the petition be dismissed. Both petitioner and the Commonwealth filed objections to the report. The district court denied the objections and by order dated April 12, 1989, the petition was dismissed. This appeal followed.

## II

Before this Court, appellant raises seven assignments of error. For purposes of our discussion, these assignments can be considered in three categories, grouped according to the claims' respective procedural postures. We address these categories seriatim.

1. Two of appellant's claims—one involving the effectiveness of his counsel during the penalty phase of his trial and the other involving the denial of his request for a court-appointed psychiatrist to help him prepare for the penalty phase—were not procedurally defaulted in any manner. The district court rejected these claims on the merits, on the reasoning of the magistrate's report. We also find the magistrate's report persuasive and, accordingly, affirm the district court's disposition of these claims.

■ 2. One of appellant's claims, concerning the sufficiency of the evidence supporting his death sentence, was not raised on direct appeal. In state habeas, this claim was rejected as procedurally defaulted under the rule of *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1978), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1979). Likewise, the magistrate below rejected the claim under the rule of *Wainwright v. Sykes,* 433 U.S. 72, 86–88, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977), because appellant offered no cause to excuse the default. In his objections to the magistrate's report, appellant for the first time alleged ineffective assistance of counsel as the cause of the default. The district court upheld the magistrate's finding of a procedural bar on the grounds that since the ineffective assistance claim was not alleged in the petition and had not first been presented to and exhausted in the state courts, it could not, under *Murray v. Carrier,* 477 U.S. 478, 488–89, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986), serve in a federal habeas proceeding as cause for a procedural default. Because appellant concedes that this claim was procedurally defaulted, and because it is clear that exhaustion in state court would be futile, this reasoning was entirely correct and we affirm the district court's disposition of this claim. *See Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989).

3. The remainder of appellant's assignments of error stand in a rather peculiar procedural posture.[2] First, none of these

---

**2.** Briefly, the substance of these claims is: (1) the trial court erred in excluding potentially mitigating evidence during the penalty phase of appellant's trial; (2) the trial court's instructions

in the penalty phase failed to adequately guide appellant's jury in the use of its sentencing discretion; (3) the trial court's instructions during the guilt phase of the trial violated appellant's

claims was raised on direct appeal. In state habeas, appellant raised these issues and offered ineffective assistance of counsel as cause for his failure to raise them on direct appeal. The ineffective assistance of counsel claims were rejected by the state habeas trial court and, consequently, the underlying substantive claims were found procedurally defaulted under *Slayton.*

In his petition for appeal from the state habeas decision, appellant failed to assign as error the ineffective assistance of counsel rulings. Consequently, when he finally presented these claims to the Virginia Supreme Court in this second state habeas petition, they were also found to be defaulted under *Slayton.* Therefore, appellant has procedurally defaulted on both the substance of his remaining claims as well as the ineffective assistance of counsel claims he offered in state court as cause to excuse the substantive defaults.

Before the district court, appellant raised his procedurally-defaulted substantive arguments and again offered the procedurally-defaulted ineffective assistance of counsel claims as cause. The Commonwealth argued that this double-default, so to speak, left the substantive claims "not reviewable in any manner." It contended that under *Wainwright* and *Murray,* the procedural default of the ineffective assistance of counsel claims must be respected and, consequently, that those claims could not serve as cause to excuse the defaults of the underlying substantive claims. The district court rejected this argument.

The lower court rested its analysis on the Supreme Court's decision in *Murray.* In *Murray,* the Court held that before a claim of ineffective assistance of counsel can be used in a federal habeas proceeding as

cause to excuse a procedural default, the ineffective assistance of counsel claim must first be presented to and exhausted in the state courts. *Id.* at 488–89, 106 S.Ct. at 2645–46. The district court reasoned that even though the instant ineffective assistance claims were procedurally defaulted, they nonetheless were also exhausted and thus, if meritorious, could, under *Murray,* serve as cause to excuse appellant's substantive defaults.[3] The court then disregarded the procedural defaults on collateral appeal and went on to adopt the magistrate's report which found that none of the ineffective assistance of counsel claims had merit. Accordingly, the court held that appellant could not show cause to excuse his procedural defaults on direct appeal and that the underlying substantive arguments were procedurally defaulted. While we agree with the result reached by the lower court, we cannot adopt its reasoning.[4]

■ A. It is beyond question that ineffective assistance of counsel claims offered as cause to excuse procedural defaults of other constitutional claims are separate and distinct from those other constitutional claims. *Kimmelman v. Morrison,* 477 U.S. 365, 374–75, 106 S.Ct. 2574, 2582–83, 91 L.Ed.2d 305 (1986). As such, claims of ineffective assistance of counsel, like other constitutional claims, may be precluded from federal habeas review if they have been rejected in state court on the adequate and independent state ground of a violation of a state procedural rule. *See Harris v. Reed,* 109 S.Ct. at 1042; *Wainwright,* 433 U.S. at 87, 97 S.Ct. at 2506. The Supreme Court made clear in *Wainwright* that absent a showing of cause to excuse a procedural default and a showing that actual prejudice resulted from that

Sixth Amendment rights; and (4) the jury instructions and verdict form used in the guilt phase of the trial denied appellant his right to a unanimous jury (hereinafter the "substantive" claims).

3. Apparently, the district court reached this conclusion because the *Murray* Court was silent as to whether the procedural default rule also applied to ineffective assistance of counsel claims offered as cause. As is clear from our discussion below, we interpret the *Murray* Court's

silence on this point to imply nothing more than the Court's assumption that the *Wainwright* rule applies to all constitutional claims raised in federal habeas.

4. As an alternative grounds for our decision, we note that the district court's conclusion that the ineffective assistance of counsel claims were meritless and that, consequently, appellant's underlying substantive arguments were procedurally defaulted, was correct.

default, a state procedural bar to a constitutional claim must be respected by the federal courts. *Wainwright,* 433 U.S. at 87, 97 S.Ct. at 2506. Such is the case with these ineffective assistance claims.

When first presented to the Virginia Supreme Court, appellant's ineffective assistance of counsel claims were unambiguously rejected as defaulted under *Slayton.* We have previously recognized that such defaults, when made on collateral appeal and relied upon by the Virginia courts to reject constitutional challenges, generally preclude federal habeas review absent a cause-and-prejudice showing. *Whitley v. Bair,* 802 F.2d 1487, 1500 (4th Cir.1986), *citing Mason v. Procunier,* 748 F.2d 852, 853 (4th Cir.1984). Here, appellant has made no showing of cause to excuse these defaults. Consequently, *Wainwright* and *Bair* require that we respect the state procedural bar.[5] Therefore, to review the merits of appellant's ineffective assistance of counsel claims as cause for the defaults on direct appeal as the district court did would, contrary to *Wainwright* and our prior precedents, circumvent the state procedural bar. The principles of finality, comity, and judicial efficiency which underlie the *Wainwright* rule cannot tolerate such a result. And, notwithstanding the district court's conclusion, the Supreme Court's decision in *Murray* certainly does not require it.

■ B. In *Murray,* the precise issue before the Court was whether a competent defense counsel's inadvertent failure to raise a substantive claim on appeal could constitute cause excusing the procedural default of the claim. *Murray,* 477 U.S. at 481–82, 106 S.Ct. at 2642. In answering this question in the negative, the court held that constitutionally ineffective assistance of counsel would provide cause to excuse a procedural default but, like all other constitutional claims, before it can be presented in a federal habeas proceeding, it must first be exhausted in state court. *Id.* at 489, 106 S.Ct. at 2646. Contrary to the district court's conclusion, this rather unre-

markable holding in no way means that, once exhausted, a procedurally defaulted ineffective assistance of counsel claim may be offered as cause to excuse an earlier procedural default. Such a leap in logic ignores the distinction between exhaustion and procedural default as well as the different goals that both concepts further.

The doctrine of exhaustion and the procedural default rule are two different things. Exhaustion generally requires that before a federal court will review a constitutional claim in habeas, the claim must first be fairly presented to the state court system. The requirement is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Id.* at 489, 106 S.Ct. at 2646, *quoting Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). The procedural default rule requires that if a state court rejects a habeas petitioner's federal constitutional challenge on the adequate and independent state ground that the claim is defaulted under a state procedural rule, a federal habeas court is ordinarily precluded from reviewing that claim unless the petitioner can show cause for the default and prejudice resulting from it. *Wainwright,* 433 U.S. at 87, 97 S.Ct. at 2506. The rule is based on the principles of comity and is intended to promote judicial efficiency and economy. *Id.* at 88, 97 S.Ct. at 2507. Thus, these two facets of federal habeas corpus jurisprudence are different mechanisms devised to effectuate different, though related, policy considerations. It follows naturally, then, that just because claims have been exhausted, as appellant's ineffective assistance claims were, it does not necessarily mean that review of those claims will not be precluded by the procedural default rule, as review of appellant's claims is. To conclude otherwise would be in derogation of the concerns which underlie *Wainwright,* and render meaningless, at least for federal habeas purposes, Virginia's rules of appellate procedure. The

---

5. For a similar analysis, *see Gilmore v. Armontrout,* 861 F.2d 1061, 1064–66 (8th Cir.1988), *reh. den. en banc,* 867 F.2d 1179, *cert. denied,* — U.S. ——, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989).

*Murray* Court would certainly not countenance such a result.

The foundation of the *Murray* decision rests firmly on a sense of respect for the procedural default rule in the appellate context:

A State's procedural rules serve vital purposes at trial, on appeal, and on state collateral attack.... [Appellate procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions.... These legitimate state interests ... warrant our adherence to the conclusion to which they led the Court in *Reed v. Ross* [468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) ]—that the cause and prejudice test applies to defaults on appeal as to those at trial.

*Murray,* 477 U.S. at 490–91, 106 S.Ct. at 2446–47 (quotation, citation omitted). Thus, the *Murray* Court did not hold that to be raised as cause to excuse a prior procedural default a claim of ineffective assistance of counsel must only be exhausted in state court. Rather, *Murray* stands for the proposition that before an ineffective assistance of counsel claim may be raised as cause in federal habeas, it must first be exhausted in state court *and* not be procedurally defaulted. Any other reading of *Murray* eviscerates *Wainwright.*

■ C. We turn to the proper way to analyze the remaining four claims of appellant. As the district court correctly recognized, the substance of these claims was defaulted under *Slayton.* This procedural bar precludes our review of these claims under *Wainwright* unless appellant can make the cause and prejudice showing. Appellant has offered as cause four respective claims of ineffective assistance of counsel. As the district court correctly noted, these separate claims were also defaulted under *Slayton.* Thus, we cannot review the merit of these claims under *Wainwright* unless appellant can make another cause and prejudice showing. Appellant has made no showing of cause whatsoever to excuse the default of his ineffective assistance of counsel claims. Therefore, we cannot review the merits of those claims and they cannot serve as cause to excuse the underlying procedural defaults. Furthermore, because these claims were the only offer of cause to excuse the default of the substantive claims, *Wainwright* also precludes our review of the merits of those issues.

■ This conclusion, however, does not end our inquiry. In *Murray,* the Supreme Court made clear that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. Thus, we review the record and remaining arguments to see if any of appellant's assignments of error have probably led to the conviction of an innocent man. We conclude that they have not.

The evidence of appellant's guilt is overwhelming. There simply can be no serious question on this record that appellant did, in fact, commit the crime for which he stands convicted. Further, as the magistrate's report makes clear, besides being procedurally defaulted, his assignments of error are without merit. Consequently, we have no difficulty in upholding appellant's conviction in the face of these four assignments of error.

### III

In sum, although on different reasoning, we affirm the dismissal of the petition.

AFFIRMED.