**Horace Edward BANKS, Petitioner,**

v.

**H. POWELL, Respondent.**

**Civil Action No. 1:95CV0567 (AM).**

United States District Court,
E.D. Virginia.

March 5, 1996.

---

**416**

Horace Edward Banks, Deerfield Correctional Center, Capron, Virginia, Pro Se.

James S. Gilmore, III, Attorney General of Virginia, Marla Lynn Graff, Assistant Attorney General, Richmond, Virginia, for Respondent.

### MEMORANDUM OPINION[1]

ELLIS, District Judge.

This 28 U.S.C. § 2254 petition for a writ of habeas corpus is before the Court on respondent's Motion to Dismiss. Respondent notified petitioner of his right to reply to the motion and he has done so. Accordingly, this matter is now ready for adjudication.

### I.

On October 12, 1990, a jury in the Circuit Court for the City of Richmond convicted petitioner of possession of cocaine with the intent to distribute. Petitioner was sentenced to serve 20 years with the Virginia Department of Corrections. On appeal, peti-

tioner claimed the evidence was insufficient to support his conviction. His appeals to the Virginia Court of Appeals and the Virginia Supreme Court were denied on January 29, 1992 and April 24, 1992 respectively. He next filed a petition for a writ of habeas corpus in this Court but then moved for dismissal without prejudice. His motion was granted and he filed a state habeas corpus petition in the Circuit Court for the City of Richmond alleging:

   (1) Defense counsel was ineffective for failing to investigate all plausible lines of defense available to the petitioner;

   (2) The trial court erred by denying the motion to dismiss.

On December 15, 1994, the state circuit court denied and dismissed the petition. Banks did not appeal the state court's decision to the Supreme court of Virginia but pursued his claims in the instant petition, alleging:

   (a) Ineffective assistance of counsel for failing (1) to develop reasonable scientific evidence showing that the defendant did not touch the bags containing the cocaine; (2) to call the defendant as a witness on his own behalf; and

   (b) Insufficient evidence.

### II.

Procedural defaults prevent review of claim (a). Virginia considers a claim to be procedurally defaulted if the petitioner could have raised it either on direct appeal or in a previous state habeas corpus petition but did not. *See Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975); Va.Code Ann. § 8.01–654(B)(2). Federal courts adhere to the state procedural bar, and thus do not reach the merits of a claim, in two situations: (i) when the state court explicitly relied on a procedural bar to deny the claim; or (ii) when petitioner did not exhaust his claim by presenting it to the state courts and exhaustion is now futile because the state court would apply its procedural bar to the claim. *Teague v. Lane*,

---

**1.** This Memorandum Opinion, originally issued on February 16, 1996, has been revised in minor   respects for publication.

489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Harris v. Reed*, 489 U.S. 255, ·109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

■ Claim (a) is ·procedurally defaulted because petitioner did not exhaust this claim and requiring exhaustion now would be futile.[2]

Were petitioner to raise claim (a) now in state court, it would be procedurally barred as an abuse of the writ pursuant to Virginia Code Section 8.01–654(B)(2).[3]

■ Petitioner may overcome the procedural bar, and thus have the Court address the merits of these claims, by showing either cause and prejudice for the default, or actual innocence. *See Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Keeney v. Tamayo–Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992). The Court declines to reach the merits in the instant petition because petitioner does not meet the standard to overcome his defaults. Thus, he offers no valid reason for failing to present all of his claims to the state court. At best, he argues, incorrectly, that the ineffective assistance of counsel claims he presented to the state court encompass claim (a).[4] Yet, a review of the state petition makes unmistakably clear that petitioner did not present the state court with all of the facts and theories contained in claim (a) of the instant petition. This is fatal to petitioner's argument because the exhaustion requirement requires petitioner to develop and present the state court with all relevant facts which either were known or reasonably could have been known by petitioner. *Keeney*, 112 S.Ct. at 1720. Petitioner's mere presentation to the state court with the theory of ineffective assistance of counsel is insufficient to encompass the new factual allegations contained in claim (a) in his federal habeas corpus petition. Petitioner's failure to give the state court an opportunity to resolve this claim precludes this Court from addressing the merits and this claim must be dismissed.

### III.

■ Petitioner next claims that the evidence presented by the prosecution was insufficient to sustain the guilty verdict. A claim for federal habeas relief based on alleged insufficient evidence will be denied if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Wright v. West*, 505 U.S. 277, 112 S.Ct. 2482, 2485–86, 2492–93, 120 L.Ed.2d 225 (1992). In judging the claim, courts may not question the fact finder's determinations of witness credibility. *United States v. Saunders*, 886 F.2d 56 (4th Cir. 1989). *See also Pigford v. United States*, 518 F.2d 831 (4th Cir.1975). Applying this stan-

---

**2.** The exhaustion doctrine is a matter of comity to the state courts and failure to exhaust normally requires dismissal from federal court so that the petitioner may present his claim to the state courts. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Granberry v. Greer*, · 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Exhaustion is not required, however, where, as here, it is clear that the state court would treat the claim as procedurally defaulted. *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir.1990), *cert. denied*, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991); *Pruett v. Thompson*, 771 F.Supp. 1428, 1437 (E.D.Va.1991), *aff'd*, 996 F.2d 1560 (4th Cir.1993); 28 U.S.C. § 2254(b) and (c).

**3.** Va.Code § 8.01–654(B)(2) states, in pertinent part, that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." If, however, a "reasonable possibility exists" that the state court would apply an exception to its default rules, then the federal court must dismiss the petition to allow exhaustion. *Meadows v. Legursky,.* 904 F.2d 903, 909 (4th Cir.) (en banc), *cert. denied*, 498 U.S. 986, 111 S.Ct. 523, 112 L.Ed.2d 534 (1990). Petitioner has not shown any circumstances here which indicate the state court would except his claim.

**4.** Petitioner has also procedurally defaulted on the claims he presented in his state habeas petition because he did not appeal the circuit court's adverse ruling to the Supreme Court of Virginia. *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986) (holding that failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review) (citing *Mason v. Procunier*, 748 F.2d 852 (4th Cir. 1984)).

dard, the Court is satisfied that the prosecution presented sufficient evidence at trial from which a reasonable fact finder could have found petitioner guilty of possession of a cocaine with intent to distribute.

■■■■ In Virginia, to establish that one possessed a controlled substance:

> It generally is necessary to show that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. . . . [P]ossession need not always be exclusive. The defendant may share it with one or more. The duration of the possession is immaterial and need not always be shown to have been actual possession. The defendant may be shown to have constructive possession [of the contraband] . . .

*Gillis v. Commonwealth,* 215 Va. 298, 301–302, 208 S.E.2d 768, 771 (1974). Constructive possession may be proved by showing that the defendant was aware of the "presence and character of the substance and that it was subject to his dominion and control." *Wynn v. Commonwealth,* 5 Va.App. 283, 286, 362 S.E.2d 193, 195 (1987) (quoting *Drew v. Commonwealth,* 230 Va. 471, 338 S.E.2d 844, 845 (1986)).

■■■ The facts reveal that, on June 9, 1990, the Richmond City Police Department was investigating a complaint that narcotics were being sold from an apartment at 302 Clay Street in Richmond, Virginia. Two undercover police officers purchased crack cocaine from Damon Monroe and then obtained a search warrant for the premises. When the detectives returned, they observed Monroe and petitioner standing on the back porch facing each other. As the detectives approached the porch, they called out "Police, put your hands up in the air." Monroe complied immediately, but petitioner took a step back and bent over to his left. Beside petitioner, on his left, was a trash can which obscured his hands. Once petitioner and Monroe were secured, the detectives searched the trash can and found a large plastic bag containing 126 smaller plastic bags, each with a single nugget of crack cocaine. Based upon his experience as a narcotics officer, Detective Alston testified

that each of the smaller bags contained approximately one tenth of a gram of cocaine, which would sell for about ten dollars. Moreover, Detective Alston testified that possession of a large number of packages of cocaine is inconsistent with the amount possessed by one who merely uses drugs. Petitioner admitted that he had been staying at the apartment for several days before his arrest. Inside the apartment, the officers found empty ziplock bags and vials consistent with items used for packaging and distributing cocaine. Monroe testified that he and petitioner had been involved in a crack cocaine distribution scheme operating out of 302 Clay Street. Monroe denied ownership of the cocaine found in the trash can and further testified that before the arrest, he had seen petitioner selling cocaine. Based on this evidence, the jury concluded that petitioner had constructively possessed the cocaine with the intent to distribute it.

■■■ Petitioner argues that the bag in question was not subjected to fingerprint tests and that no other drugs, drug paraphernalia, weapons or beepers were found with petitioner when he was arrested. Petitioner further disputes the credibility of the Commonwealth's witness, Monroe. Yet, none of petitioner's contentions casts any substantial doubt on the government's evidence. The absence of fingerprints is a fact the jury may consider, but there is no constitutional or statutory requirement that police take fingerprints or employ every investigative technique known for each crime suspected. The prosecution must only prove the suspect's guilt beyond a reasonable doubt. Moreover, it is the sole province of the fact finder to resolve discrepancies in the witnesses' testimony and to weigh the bias of each witness. *Saunders,* 886 F.2d 56. Here, the jury knew that Monroe had pled guilty to one charge and had three other charges pending against him when he testified against petitioner. Thus, the jury had sufficient information with which to judge Monroe's credibility. Based on the forgoing, the Court finds that the jury's verdict is supported by sufficient evidence. Accordingly, this claim is without merit and must be dismissed.

## IV.

Based on the foregoing, the Court finds that claim (a) is procedurally barred and that petitioner has failed to establish claim (b). The Court will, thus, grant respondent's motion and dismiss this petition.